John W. AMOS, Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 9963.

United States Court of Appeals
Fourth Circuit.

Argued June 30, 1965.

Decided Dec. 7, 1965.

Fortescue W. Hopkins, Roanoke, Va. (Hopkins, Pearson & Engleby, Roanoke, Va., on brief), for petitioner.

Burton Berkley, Atty., Dept. of Justice (Richard M. Roberts, Acting Asst. Atty. Gen., and Lee A. Jackson and David O. Walter, Attys., Dept. of Justice, on brief), for respondent.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BOREMAN, Circuit Judges.

SOBELOFF, Circuit Judge:

■ In Moore v. United States, 4 Cir., 360 F.2d 353, decided today, we held that a criminal conviction for tax evasion works a collateral estoppel on the issue of fraud in a subsequent civil suit over a fraud penalty covering the same years. For the reasons fully stated in that opinion, and which need not be repeated, we sustain the Tax Court's reliance on collateral estoppel in the present proceeding.

This case is not significantly different. *Moore* was a suit in a district court by a taxpayer for the refund of additional taxes and penalties assessed and paid. We held collateral estoppel applicable because the issue of fraud had been adjudicated in the previous criminal prosecution. We see no reason to establish a different rule in this case, where the suit was brought in the Tax Court by a taxpayer to contest assessment of an unpaid penalty for fraud for the years as to which he had earlier been convicted in a district court and sentenced for tax evasion.

■ There is precedent for the Tax Court's use of collateral estoppel based on earlier adjudication of issues by that court. See Fairmont Aluminum Co. v. Commissioner of Internal Revenue, 222 F.2d 622, 627 (4th Cir.), cert. denied, 350 U.S. 838, 76 S.Ct. 76, 100 L.Ed. 748 (1955), relying on Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948). That in the present instance effect was given to a prior adjudication made not in the Tax Court itself but in a district court of competent jurisdiction, is not material.

■ We dismiss as without substance taxpayer's further contention that the application by the Tax Court, a non-Article III Court, of the principle of collateral estoppel is unconstitutional. The Tax Court's invocation of the doctrine of collateral estoppel raises no issue of constitutional dimensions in this case, and we have no occasion to explore the broad questions the taxpayer tenders as to the status of the Tax Court of the United States. For present purposes it is a sufficient answer to the questions posed to say that it was long ago held that the Tax Court (formerly the Board of Tax Appeals) exercises judicial functions in the decision of tax cases, Old Colony Trust Co. v. Commissioner of Internal Revenue, 279 U.S. 716, 722, 49 S. Ct. 499, 73 L.Ed. 918 (1929), and in so doing is bound to apply fundamental judicial doctrines, such as res judicata and collateral estoppel. Commissioner of Internal Revenue v. Sunnen, supra; Fairmont Aluminum Co. v. Commissioner of Internal Revenue, supra. Nothing in Glidden v. Zdanok, 370 U.S. 530, 82 S. Ct. 1459, 8 L.Ed.2d 671 (1962), or Lasky v. Commissioner of Internal Revenue, 235 F.2d 97 (9th Cir. 1956), cited by the taxpayer, supports the contrary contention.

The decision of the Tax Court is

Affirmed.