John Turnbull and Phyllis M. Turnbull v. Commissioner.
Turnbull v. Commissioner
Docket No. 4162-64.
United States Tax Court
T.C. Memo 1966-77; 1966 Tax Ct. Memo LEXIS 206; 25 T.C.M. (CCH) 440; T.C.M. (RIA) 66077; April 13, 1966
John Turnbull, pro se, 705 Crest Ave., Clearwater, Fla. Lawrence A. Wright, for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in income tax and additions under section 6653(b) for fraud as follows: Addition to Tax
Year
Deficiency
Sec. 6653(b)
1955
$ 742.69
$666.68
1956
1,350.94
675.47 The petitioners contest the deficiencies and the additions. Findings of Fact The petitioners are husband and wife. They filed joint returns for the years 1955 and 1956 in Rhode Island. John was elected Mayor of the City of Cranston, Rhode Island in November 1954 and was sworn in as Mayor on January 1, 1955. The income reported on their 1955 return was $4,603.06 received from the city of Cranston and $1,650 from *207 the practice of law. The income reported on their 1956 return was $4,814.68 from the city of Cranston. The Commissioner, in determining the deficiency for 1955, added $4,373.04 to the income reported on the return with the explanation that income had been computed by reference to John's "bank deposits and withdrawals with proper adjustments for nontaxable receipts and for personal and nondeductible amounts paid." The Commissioner, in determining the deficiency for 1956, added $8,200.61 to the income reported. His explanation was the same as that for 1955. The Commissioner determined for each year that all or part of the underpayment of tax was due to fraud and consequently the 50 percent addition provided by section 6653(b) "is asserted." The total deposits made to the petitioners' checking accounts in banks were as follows for 1955 and 1956: Account
1955
1956
Phyllis M. Turnbull
$6,242.99
John Turnbull
5,330.07
Edgewood Office
$11,869.41
Phyllis earned no income in either tax year. Helen McNamara paid $405 in 1955 and $1215 in 1956 on a loan of the petitioners at a bank, and in 1955 John received her check for $500. Thomas McNamara gave John *208 his checks for $60 in 1955 and for $50 in 1956. The record does not contain any explanation of why the above amounts were paid, why the checks were given or any showing of whether or not they represented income to the petitioners. John was indicted in the United States District Court for Rhode Island, Indictment No. 6770, for violation of section 7201 of the Internal Revenue Code of 1954, 26 U.S.C. 7201, in that he filed a false and fraudulent income tax return for 1955 and, in Count II, in that he filed a false and fraudulent income tax return for 1956. John pleaded guilty to Count II and the Judge fined him $1,000 on that Count. The indictment, insofar as it related to 1955, was then dismissed. The stipulation of facts, including the exhibits attached thereto are incorporated herein by this reference. Opinion MURDOCK, Judge: The Commissioner has the burden to prove fraud by clear and convincing evidence. He has failed to sustain that burden as to 1955. He did not call any witness to testify. The parties have stipulated the amounts of deposits to the petitioners' bank accounts, that Helen McNamara made certain payments on a *209 loan from a bank to the petitioners and that she and her husband gave the petitioners certain checks in 1955 and 1956. However, the record does not show whether or not, or to what extent, any of the deposits, payments or checks represented income to the petitioners. Inferences cannot sustain a burden of proof. The indictment against John was dismissed insofar as it related to 1955. There is no clear and convincing evidence in this record that John's return for 1955 was false or fraudulent with intent to evade income tax. It has been held that a conviction for filing a false and fraudulent income tax return for the purpose of evading income tax, even though based upon a plea of guilty, makes effective the doctrine of collateral estoppel as to the fraud there involved. John pleaded guilty to the charge of having filed, with intent to evade tax, a false and fraudulent income tax for 1956, on the same omissions upon which the Commissioner determined that the addition to tax under section 6653(b) is due for 1956. He was found guilty and sentenced upon that plea. This sustains the Commissioner's burden of proof as to fraud for 1956. John W. Ames, 43 T.C. 50, affd. 360 F. 2d 358 *210 (Dec. 7, 1965); Artic Ice Cream Co., 43 T.C. 68. The determinations of deficiencies by the Commissioner are presumed to be correct and the burden is on the taxpayer to overcome that presumption. The evidence does not show whether or not the petitioners received in 1955 and 1956 more income than they reported. Thus, the petitioners have failed to prove for either year that they did not receive and fail to report as income the amounts upon which the Commissioner based his determinations of the deficiencies. The deficiencies must be sustained because of a failure of proof to show error therein. Decision will be entered under Rule 50.