Thomas Worcester, Elisabeth B. Worcester v. Commissioner.
Worcester v. Commissioner
Docket Nos. 731-63 - 733-63.
United States Tax Court
T.C. Memo 1967-107; 1967 Tax Ct. Memo LEXIS 153; 26 T.C.M. (CCH) 506; T.C.M. (RIA) 67107; May 12, 1967
Gerald T. O'Hara and Calvin P. Bartlett, 225 Franklin St., Boston, Mass., for the petitioners. Frederick A. Griffen, for the respondent. MULRONEY Supplemental Memorandum Findings of Fact and Opinion MULRONEY, Judge: In our Memorandum Findings of Fact *154 and Opinion filed July 22, 1965, involving these and other dockets that were all consolidated, we found respondent met his burden of showing fraud in the years 1947, 1948 and 1949, the years involved in the other dockets, by showing some portion of undeclared income was fraudulently omitted from the returns for those years and the returns for said years were false and fraudulent with intent to evade tax. Although the conduct, which we held established the required proof of fraud in those years in order to avoid the statute of limitations and sustain the imposition of fraud penalties, continued during the years 1950, 1951 and 1952, we relied on the judgment of conviction of Thomas Worcester in the criminal case for violation of section 145(b) of the 1939 Code (filing false and fraudulent returns), for those later years in the United States District Court for the District of Massachusetts. This judgment had been entered on September 21, 1960 and we held, relying on John W. Amos, 43 T.C. 50, affd. 360 F. 2d 358 (C.A. 4), and Tomlinson v. Lefkowitz, 334 F. 2d 262 (C.A. 5), that because of the judgment, Worcester was collaterally estopped from denying *155 the fraud for the years 1950, 1951 and 1952. Our decisions in all of the dockets were appealed to the United States Court of Appeals for the First Circuit. In its opinion of December 7, 1966, 370 F. 2d 713), the Court of Appeals affirmed our decisions for the earlier years but it was held the September 21, 1960 judgment in the criminal case, which was not appealed from, could not form the basis for collateral estoppel for the years 1950, 1951 and 1952 because its finality was tainted by the District Judge in the criminal trial offering probation for waiver of appeal. The last paragraph of the opinion of the First Circuit in these consolidated cases states as follows: With respect to the years 1947, 1948 and 1949 we find no error, and the orders of the Tax Court must be affirmed. With respect to the years 1950, 1951 and 1952, the orders must be vacated for lack of adequate fraud findings. We leave to the Tax Court's discretion what further proceedings, consistent with this opinion, and the scope thereof, it chooses to engage in. On December 29, 1966, pursuant to the mandate of the United States Court of Appeals entered in this cause, we vacated the decisions of this *156 Court in docket Nos. 731-63, 732-63 and 733-63 involving the years 1950, 1951 and 1952 and placed the cases on our Motions Calendar and the parties were notified to file any recomputation, stipulation or motion they deemed appropriate. Thereafter, petitioners filed motion for decision in their favor on the ground that without proof of a judgment of conviction in the criminal case that would preclude petitioners' denial of fraud, the respondent has failed to establish fraud for the years 1950, 1951 and 1952 and the proceedings to assess and collect the taxes for those years are barred by the statute of limitations (sec. 275(a) and sec. 275(c), I.R.C. 1939). Thereafter respondent moved for decision finding fraud upon the facts found in our former opinion without using the criminal conviction as support for fraud. Neither party has asked for any further trial. We now make the following supplemental Findings of Fact and Opinion: Supplemental Findings of Fact The Findings of Fact contained in our Memorandum Opinion in this case are incorporated by reference and made findings of fact herein and in addition we make the following findings of specific ultimate facts which we draw from *157 the facts found. Without any reliance on the judgment in the criminal case dated September 21, 1960, we find a part of the deficiency due in each of the years 1950, 1951 and 1952 was due to fraud with intent to evade tax within section 293(b), 1939 I.R.C., and the returns for said years were false and fraudulent with intent to evade tax within the provisions of section 276(a), I.R.C. 1939, and therefore the proceedings to collect the deficiencies for those years are not barred. Supplemental Opinion On Remand The record here shows that the actions which formed the basis for our finding of fraud as to the years 1947, 1948 and 1949 continued on into the years 1950, 1951 and 1952, which are now in question. It shows the same pattern of weekly checks mentioned in our former opinion as existing in 1947, 1948 and 1949 whereby the corporation ostensibly made reimbursement to Thomas Worcester for nonexistent travel expenses continued on into 1950, 1951 and 1952. It shows during said three years such payments which were purposely false totaled $7,800 for each of said years, none of which was reported in Worcester's income tax returns. It shows that corporate disbursements were made during *158 the year 1950 to the sham partnership Ross Turner and Co. and funneled to Worcester and during 1950, 1951 and 1952 large corporate disbursements were made to State Street Sales, Inc. on fictitious invoices, and large amounts of the proceeds of these checks were turned over to Worcester in said years and never reported by him in his returns. All of this evidence shows clearly that the return for each of the years 1950, 1951 and 1952 was false and fraudulent with intent to evade tax and therefore the deficiencies were not barred by the statute of limitations and a part of said deficiencies in each of said years was due to fraud with intent to evade tax. The only error found in our opinion in these cases (docket Nos. 731-63, 732-63, and 733-63) by the Court of Appeals was the lack of adequate fraud findings, in that we had relied on the judgment in the criminal case. We now draw the same factual conclusion of fraud from the other evidence in the case. Therefore, the same decisions in these dockets in favor of respondent as were entered on October 12, 1965, will now be entered. Decisions will be entered for the respondent as above indicated.