WILLIAM J. CLOUGH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Clough v. Comm'r
Docket No. 6163-73
United States Tax Court
T.C. Memo 1976-155; 1976 Tax Ct. Memo LEXIS 247; 35 T.C.M. (CCH) 695; T.C.M. (RIA) 760155; May 19, 1976, Filed *247 George King, for the petitioner. Bernard R. Baker, III, for the respondent. GOFFE
MEMORANDUM OPINION GOFFE, Judge: The Commissioner determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Additions to Tax Year
Deficiency
Sec. 6653(b) [1]
1965
$ 1,481.20
$ 740.60
1966
11,180.97
5,946.45
Petitioner has conceded the correctness of the deficiencies in income taxes and additions to tax determined for the years 1965 and 1966, but contends that *248 collection of such amounts is barred due to certain violations of his constitutional rights. Accordingly, the issues for decision are whether petitioner's Fourth Amendment rights were violated by two searches of briefcases belonging to him and, if so, whether such conduct prevents respondent's recovery. All of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated by this reference. Petitioner William J. Clough resided in Kingston, Ontario, Canada, at the time he filed his petition in this proceeding. In April 1970, a briefcase belonging to petitioner was found at Guaranty Western Title Co., Oakland, California. On April 22, 1970, a representative of the company called the Oakland Police Department to obtain assistance in locating the owner of the briefcase. In response to the telephone call, Officer Lee Callister of the Oakland Police Department was dispatched to pick up the briefcase. In order to ascertain the identity of the owner, Officer Callister opened the briefcase and examined its contents. Officer Callister then prepared an "Outside Agency Report" and directed that a copy be sent to the U.S. Treasury Department *249 at San Francisco. After being contacted by the Oakland Police Department regarding the briefcase, representatives of the Internal Revenue Service inspected the briefcase and photocopied its contents. A criminal tax investigation of petitioner was initiated as a result of the information contained in the briefcase. On August 2, 1972, agents of the U.S. Customs Service inspected a briefcase belonging to petitioner upon his arrival at Travis Air Force Base, California, on a flight from outside the United States which had previously stopped at Honolulu, Hawaii. Petitioner and the other personnel on board the airplane also passed through U.S. Customs in Honolulu. The airplane itself was not searched at Honolulu. After the search at Travis Air Force Base, representatives of the U.S. Customs Service contacted Special Agent Montie S. Day, who photocopied documents seized by the Customs Service. Special Agent Day had previously contacted the Customs Service concerning petitioner, but had not requested that they conduct a search of petitioner. The only item of income not reported on petitioner's Federal income tax returns filed for the years 1965 and 1966, revealed by documents obtained *250 during the search, was $1.54 in interest. On September 19, 1973, petitioner was indicted by a Federal Grand Jury in San Francisco, California, on five counts of wilfully attempting to evade income taxes for the years 1967 through 1971 in violation of section 7201, Internal Revenue Code of 1954, and on five counts of wilfully making and subscribing to Federal income tax returns which he did not believe to be true and correct as to every material matter therein, in violation of section 7206(1). On October 19, 1973, petitioner pleaded guilty to Count 9 of the indictment charging him with wilfully attempting to evade income taxes for the year 1971. On October 24, 1973, the District Director of Internal Revenue, San Francisco, California, made jeopardy assessments against petitioner for Federal income taxes for the years 1967 through 1971, together with additions to tax under section 6653(b), Internal Revenue Code of 1954. On November 28, 1973, the U.S. District Court for the Northern District of California issued to the U.S. Marshal a writ of neexeatrepublica ordering him, among other things, to cause petitioner to post *251 security to insure that he would not attempt to go beyond the jurisdiction of the District Court, or, failing that, to take petitioner into custody. Petitioner was taken into custody on November 28, 1973. On January 4, 1974, a hearing was held in the U.S. District Court for the Northern District of California at San Francisco. At that hearing, petitioner moved to quash the writ of neexeatrepublica and suppress evidence obtained as a result of the above-mentioned searches of petitioner's briefcases. Both motions were denied. The court held that the searches were not illegal. United States v. Clough,74-1 USTC 83,579 (N.D. Cal. 1974). Petitioner was further ordered to repatriate to the United States assets valued at $180,000, or show cause why he would be unable to do so. On or about January 25, 1974, petitioner escaped custody and moved to Kingston, Ontario, Canada, in violation of the above writ. On January 28, 1974, the U.S. District Court for the Northern District of New York issued a bench warrant for contempt ordering petitioner's arrest. The warrant is still outstanding. Petitioner has conceded the correctness of the deficiencies in *252 income taxes and additions to tax determined for the years 1965 and 1966, yet he contends that collection of such amounts is precluded by the government's alleged illegal conduct. Thus, the only issues for decision are whether petitioner's Fourth Amendment rights were violated by two searches of briefcases belonging to him and, if so, whether such acts prevent respondent's recovery. The first search occurred in April of 1970 after a briefcase belonging to petitioner was found at Guaranty Western Title Co., Oakland, California. The briefcase was turned over to the Oakland Police Department, which then permitted agents of the Internal Revenue Service to inspect and photocopy the contents. Criminal tax investigation of petitioner began as a result of information found in the briefcase. The second search in question was a customs search of petitioner's briefcase which occurred at Travis Air Force Base, California, on August 2, 1972, upon arrival of petitioner's overseas flight. The propriety of these two searches was litigated and decided in a prior criminal tax proceeding in the U.S. District Court for the Northern District of California. In that case, the court held that neither *253 search was conducted in violation of petitioner's Fourth Amendment rights and, thus, no evidence resulting therefrom was tainted. United States v. Clough,supra.That decision has become final. Respondent contends that petitioner is collaterally estopped from raising the search and seizure issue in this proceeding. In Commissioner v. Sunnen,333 U.S. 591 (1948), the Supreme Court stated the rule governing the application of the doctrine of collateral estoppel to tax litigation to be as follows: Of course, where a question of fact essential to the judgment is actually litigated and determined in the first tax proceeding, the parties are bound by that determination in a subsequent proceeding even though the cause of action is different. * * * And if the very same facts and no others are involved in the second case * * * the prior judgment will be conclusive as to the same legal issues which appear, assuming no intervening doctrinal change. * * * [333 U.S. at 601.] It is clear that the requirements for the use of collateral estoppel are met on the facts before us. Accordingly, we hold that petitioner is collaterally estopped *254 from raising the search and seizure issue in this Court. John W. Amos,43 T.C. 50 (1964), affd. 360 F.2d 358 (4th Cir. 1965). Because we have resolved the search issue in favor of respondent, we need not reach the question of whether collection of income tax liabilities, the correctness of which petitioner has conceded, would be barred had either of both searches been conducted in violation of petitioner's Fourth Amendment rights. We have no jurisdiction over collection of taxes. However, we note that in John W. Singleton,65 T.C. 1123 (1976), we held that an illegal search which results in an investigation of a taxpayer's income tax liabilities does not necessarily taint all evidence subsequently uncovered. Furthermore, we know of no case in which a taxpayer has conceded the correctness of the Commissioner's determination where a court has held that collection was precluded by the Government's improper conduct. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩