JAMES W. TIMEK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Timek v. Commissioner
Docket No. 4055-74.
United States Tax Court
T.C. Memo 1976-357; 1976 Tax Ct. Memo LEXIS 41; 35 T.C.M. (CCH) 1622; T.C.M. (RIA) 760357; November 29, 1976, Filed James W. Timek, pro se. Justin S. Holden, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined deficiencies in petitioner's income tax and additions to tax under section 6653(b), I.R.C. 1954, [1] for the years and in the amounts *42 as follows: Addition to Tax
Sec. 6653(b),
Tax Year Ended
Deficiency
I.R.C. 1954
December 31, 1966
$ 9,143.76
$4,571.88
December 31, 1967
14,982.97
7,491.48
December 31, 1968
1,013.94
506.97
December 31, 1969
2,361.87
1,180.94
December 31, 1970
1,313.56
656.78
December 31, 1971
3,084.02
1,542.01
The issues for decision are (1) whether respondent properly determined the amount of unreported capital gains received by petitioner in each of the years here in issue, and (2) whether any part of the underpayment of tax by petitioner in each of the years here in issue was due to fraud. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner, who resided in West Hartford, Connecticut at the time of the filing of his petition in this case, filed individual Federal income tax returns for each of the calendar years 1966, 1967, 1968, 1969, 1970, and 1971.
During the calendar year 1966, petitioner sold 1,063 shares of General Telephone and Electronics Corporation (General Telephone) stock for $48,127.82. Petitioner *43 realized a gain on the sale of this stock. At the time petitioner filed his Federal income tax return for the year 1966, he was aware that he had made a gain on the sale of the 1,063 shares of General Telephone stock in the year 1966 and that part of the gain was taxable income. He did not refer to the sale of this stock on his Federal income tax return or include any part of the gain from the sale in his reported income. During the calendar year 1967, petitioner sold 1,646 shares of General Telephone stock for $80,331.37. At the time petitioner filed his Federal income tax return for the year 1967, he knew that he had realized a taxable gain on the sale of the 1,646 shares of General Telephone stock and that tax was due on that gain. He did not at any place on his return report the sale of the 1,646 share of General Telephone stock or include in his income any gain with respect to the sale of that stock. On March 23, 1973, petitioner entered a plea of guilty to violation of section 7201 for the taxable year 1967 in the United States District Court for the District of Connecticut in the case of United States of America v. James W. Timek, Criminal No. H-446. On that same date, *44 that court entered a judgment in that case finding petitioner guilty of violation of section 7201 for the year 1967. During the calendar year 1968 petitioner sold 200 shares of First Mortgage Investors stock for $3,790. At the time petitioner filed his Federal income tax return for the calendar year 1968, he knew he had a gain on the sale of the 200 shares of First Mortgage Investors stock in the calendar year 1968, but on his Federal income tax return for that year he did not report the sale of this stock or include in his taxable income any amount of the gain he realized on the sale of that stock. During the calendar year 1969, petitioner sold 300 shares of General Telephone stock for $10,673.78. At the time petitioner filed his Federal income tax return for the calendar year 1969, he knew he had a gain on the sale of the 300 shares of General Telephone stock, but he did not show the sale of this stock at any place on his Federal income tax return for that year or include any part of the gain on that stock in his reported income on the return. On his Federal income tax return for the calendar year 1969, petitioner reported on Schedule D the sale of 170 shares of Giant Arrow *45 Fund Investment Club stock on September 10, 1969, at a gross sales price of $22,190 with a net short-term loss of $5,770.On page 1 of his 1969 return, he listed on Line 14 "Other income" $1,000 of this loss and reduced his otherwise reported income by that amount. On Schedule D of his Federal income tax return for the calendar year 1970, petitioner showed the following: Capital Assets--Short-term capital gains and lossess--assets held not more than 6 months Gross
Kind of
Descrip-
How Ac-
Date Ac-
Sales
Property
tion
quired
quired
Price
Giant Arrow Fund
220 Shares
Advest
9-10-69
28000
Investment Club
[sic]
Net short-term gain (or
Net short-term gain (or loss) from
loss) from lines 3 and 4
lines 3 and 4
Cost or Other
Basis, Cost
Kind of
of Subsequent
Gain (or
Property
Improvements
Loss)
Giant Arrow Fund
Year 1970
646.48
Investment Club
Year 1969
2700.00
Net short-term gain (or
3346.48
loss) from lines 3 and 4
In Part II of Schedule D "Summary of Schedule D Gains and Losses," petitioner showed a Total net loss of $1,000 and on page 1 of his 1970 Federal income tax return reduced *46 his otherwise reported income by $1,000, which was shown on Line 15 "Income other than wages, dividends, and interest" as "loss 1,000." At the time petitioner filed his Federal income tax return for the calendar year 1970, he knew that he had sufficient capital gains in the calendar year 1969 to offset all of his capital losses for that year from a sale in that year of Giant Arrow Fund Investment Club stock at a loss, and that, in fact, he had no loss carryover from the sale of this stock to the calendar year 1970. During the calendar year 1971, petitioner sold 200 shares of General Telephone stock for $6,605.36. At the time petitioner filed his Federal income tax return for the calendar year 1971, he knew he had a gain on the sale of the 200 shares of General Telephone stock. The sale of this stock was not reported by petitioner on his Federal income tax return for the calendar year 1971 and no part of the gain petitioner realized in the year 1971 from the sale of this stock was included in the income reported on petitioner's Federal income tax return for that year. During the calendar year 1971, petitioner realized interest income in the amount of $3,114 which he failed *47 to report on his Federal income tax return. On April 14, 1973, petitioner filed an amended return (Form 1040X) for the calendar year 1971 on which the $3,114 of interest income was reported. Petitioner began acquiring stock of General Telephone in 1949. He did not retain records of the cost of the stock he acquired. Petitioner had since 1949, when he bagan purchasing General Telephone stock, maintained a brokerage account with Shearson, Hammill & Co. in Hartford, Connecticut. This brokerage firm had records with respect to petitioner's account for the years 1966 through 1971. This brokerage firm had not retained records of petitioner's accounts for the years prior to 1965. From petitioner's brokerage account respondent's agents were able to obtain the certificate numbers of the General Telephone stock and the First Mortgage Investors stock which petitioner sold during the years 1966 through 1971. With these certificate numbers, respondent's agents were able to determine the date each certificate was issued. Because of having no records from which to determine the amount which petitioner paid for the stocks he sold during the years 1966 through 1971, respondent's agents inquired *48 as to how far in advance of issuance of a stock certificate the stock covered by such certificate was purchased and concluded that generally stock was purchased approximately 3 weeks prior to the date of the issuance of the certificate. Respondent's agents checked the published stock market reports for the listed stocks which petitioner had purchased for the entire third week preceding the date of the issuance of a certificate of stock to petitioner. They used as petitioner's purchase price of the stock the highest reported market price at which the stock sold during the third week preceding the week the stock certificate was issued to petitioner. By using a cost computed in this manner for the stocks sold by petitioner in the years here in issue and the actual sales price petitioner received for these stocks, respondent's agents computed petitioner's gain on the sale of the stocks for each year here in issue. Respondent, in his notice of deficiency to petitioner, increased petitioner's reported income by the capital gains on the sale of the General Telephone stock and First Mortgage Investors stock which petitioner sold during these years and the interest income which petitioner *49 failed to report in the year 1971. In the year 1969 respondent reduced petitioner's computed capital gains by the capital loss petitioner sustained on the sale of Giant Arrow Fund Investment Club stock and in 1970 disallowed the capital loss carryover claimed by petitioner from the sale of this stock. Petitioner in his petition alleged error in respondent's determination in that respondent's determination of sales price of the stocks in the various years here in issue was too high and his determination of cost of the stocks was too low. At the trial, petitioner stipulated the correctness of the sales price of the stocks as determined by respondent. Petitioner in his petition also alleged the bar of the statute of limitations on the assessment of deficiencies for the years 1966, 1967, 1968, 1969, and 1970. OPINION Section 6653(b) provides that if any part of any underpayment of tax required to be shown on a return is due to fraud there shall be added to the tax an amount equal to 50 percent of the underpayment. The burden is on respondent to establish fraud by clear and convincing evidence. Where a taxpayer has been convicted under section 7201 for willful attempt to evade *50 or defeat tax for a particular year, he is collaterally estopped from contesting in a civil fraud case in this Court respondent's determination of an addition to tax for fraud for that same year. John W. Amos,43 T.C. 50 (1964), affd. 360 F.2d 358 (4th Cir. 1965); Arctic Ice Cream Co.,43 T.C. 68 (1964).
Under the facts here present, petitioner is estopped to deny that a part of his underpayment of tax for the year 1967 was due to fraud. For the years 1966, 1968, 1969, 1970, and 1971, petitioner testified that at the time he filed his returns he knew that he had omitted part of his income and that for that reason his tax as reported was understated. Petitioner offered no excuse or explanation for knowingly understating his tax on his return. Considering the amount of petitioner's understatement of tax and the consistent pattern of his knowing understatements, in our view the evidence here is clear and convincing that a part of petitioner's understatement of tax in each of the years here in issue was due to fraud. Section 6501(a) provides that except as otherwise provided, the amount of any income tax shall be assessed within 3 *51 years after the return was filed. Section 6501(b) provides that where an income tax return is filed before the last day prescribed by law for filing such a return, the return shall be considered for purposes of section 6501(a) as filed on such last day. Section 6501(c) provides that in the case of the filing of a false or fraudulent return with intent to evade tax the tax may be assessed at any time. Since the deficiency notice in this case was mailed on April 2, 1974, the statute of limitations with respect to assessment of tax would have expired as to the years 1966, 1967, 1968, and 1969 absent fraud. However, for the same reasons we have determined that part of petitioner's underpayment of tax in each of the years here in issue was due to fraud, we hold that petitioner's income tax returns for each of the years 1966, 1967, 1968, 1969, 1970, and 1971 were false and fraudulent with intent to evade tax and therefore the assessment of tax is not barred by the statute of limitations in any of the years here in issue. At the trial, petitioner argued that he thought respondent's computation of the cost of the stocks he sold was less than the amounts he had paid for such stocks. *52 Petitioner figured by estimating what he thought he paid for the stocks sold in each year that the amount of his understatement of income was less in several of the years than the amount of understatement determined by respondent.Petitioner, however, admitted he had no records and his computation was based merely on estimates. Absent records, the method used by respondent to compute petitioner's cost of his stocks is reasonable and fair. We, therefore, sustain respondent's determination. Petitioner's main contention in this case appears to be that he should be given some allowance for a loss he sustained in 1972 on funds he had invested in a savings account in a bank in Nassau, Bahamas, and an amount of $15,000 which he gave to an attorney in 1973 to pay on his Federal income tax liabilities which the attorney had not paid to the Internal Revenue Service at the time of his death. No issues are involved in this case with respect to the years 1972 and 1973 and those years are not here before us. Therefore, whether petitioner has shown that he actually sustained losses in the years 1972 and 1973 is immaterial to any issue involved in this case. Decision will be entered for *53 the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩