MARK J. WATERMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Waterman v. Commissioner
Docket Nos. 2199-77, 5465-77.
United States Tax Court
T.C. Memo 1981-7; 1981 Tax Ct. Memo LEXIS 743; 41 T.C.M. (CCH) 695; T.C.M. (RIA) 81007; January 5, 1981
Marion L. Weston, for the respondent. SCOTT
MEMORANDUM OPINION SCOTT, Judge: Respondent determined deficiencies in petitioner's income tax for the calendar years 1968, 1969, and 1970 in the amounts of $ 9,042.32, $ 216,962.12, and $ 52,909.18, respectively, and additions to tax under section 6653(b), I.R.C. 1954, [1] in the amounts of $ 4,521.16, $ 108,481.06, and $ 26,454.59, respectively. The issues for decision are whether petitioner is liable for additions to tax for fraud for the calendar years 1969 and 1970 and whether respondent's motion to dismiss for lack of prosecution and to determine the deficiencies in accordance with the determination made in the statutory notice of deficiency for each of the years 1969 and 1970 should be granted. [2]
*744 Petitioner resided at Raiford, Florida, at the time of the filing of his petition in this case. When this case was called for hearing at Miami, Florida, on December 1, 1980, there was no appearance by or on behalf of petitioner. Respondent introduced in evidence certified copies of an indictment of petitioner for the filing of false and fraudulent income tax returns in violation of section 7201 for the calendar years 1969 and 1970 and a certified copy of petitioner's conviction of making false returns for each of those years in violation of section 7201 entered in the United States District Court for the Southern District of Florida on September 29, 1976. Counsel for respondent orally moved that the case be dismissed as to the deficiencies for the years 1969 and 1970 because of petitioner's failure to properly prosecute. This motion was taken under advisement with instructions that it be reduced to writing and filed when the case was again called if petitioner did not appear. As shown by the transcript of the proceedings, the Court instructed the clerk to contact petitioner by telephone and inform him that if he did not appear when the case was set for recall on December 3, 1980, the *745 case would be dismissed for his failure to properly prosecute and the deficiencies determined as set forth in the statutory notice of deficiency. The clerk did speak with petitioner by telephone and informed him to this effect. When the case was recalled on December 3, 1980, at the time petitioner had previously been informed it would be called, there was no appearance by or on behalf of petitioner. Under these circumstances, respondent's motion to dismiss the case for failure to properly prosecute as to the years 1969 and 1970 will be granted and deficiencies as set forth by the statutory notice of deficiency will be determined. In respondent's answer he alleged that petitioner was collaterally estopped from denying that a part of the underpayment in tax for each of the years 1969 and 1970 was due to fraud with intent to evade tax because of his conviction under section 7201 of the filing of a false and fraudulent return with intent to evade taxes. Among the allegations made by respondent was the allegation that petitioner Mark J. Waterman is the same person who was the defendant in the criminal case of United States v. Mark J. Waterman, 76-157-CR-JLK (S.D.Fla. 1976), which *746 allegation was admitted by petitioner in his reply. We therefore find that petitioner is the same person as the defendant in the above-cited criminal case. The indictment in United States v. Mark J. Waterman, 76-157-CR-JLK, filed on April 1, 1976, charges in counts 3 and 4 that petitioner knowingly attempted to evade and defeat a large part of the income tax due and owing by him to the United States for the calendar years 1969 and 1970 by preparing and causing to be prepared false and fraudulent income tax returns in violation of section 7201. The judgment entered by the United States District Court for the Southern District of Florida in docket number 76-157-CR-JLK wherein petitioner was the defendant finds petitioner guilty as charged in counts 3 and 4 of this indictment. Under these circumstances petitioner is collaterally estopped to deny that a part of his underpayment of tax for each of the years 1969 and 1970 was due to fraud with intent to evade tax. Amos v. Commissioner, 43 T.C. 50 (1964), affd. 360 F.2d 358 (4th Cir. 1965); Artic Ice Cream Co. v. Commissioner, 43 T.C. 68 (1964). We hold that a part of the underpayment *747 of tax in each of the years 1969 and 1970 was due to fraud by petitioner with intent to evade tax. Decision will be entered for the petitioner in docket no. 2199-77 concerning the year 1968. An appropriate order and decision for the years 1969 and 1970 will be entered in docket no. 5465-77. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect in the years in issue. ↩
2. At the trial respondent filed a motion to dismiss for lack of prosecution as to the deficiencies determined for the year 1968. Respondent offered no evidence for the year 1968 with respect to fraud and in the same motion moved that the Court find that there was no addition to tax for fraud. Following references by the Court to allegations made and admitted in the pleadings with respect to the statute of limitations for determining deficiencies having run prior to the issuance of the notice of deficiency for 1968, respondent stated on the record that he conceded that there was no deficiency for the year 1968 as well as that there was no addition to tax under section 6653(b)↩ for that year.