HARRY S. STONEHILL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stonehill v. Commissioner
Docket No. 1574-65.
United States Tax Court
T.C. Memo 1984-331; 1984 Tax Ct. Memo LEXIS 339; 48 T.C.M. (CCH) 394; T.C.M. (RIA) 840331; June 28, 1984. Hans A. Nathan, for the petitioner. Evelyn Small, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This case was assigned to Special Trial Judge Peter J. Panuthos for the purpose of considering and ruling on respondent's Motion for Judgment on the Pleadings pursuant to Delegation Order No. 8 of this Court, 81 T.C. XXV (1983). The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Special Trial Judge: This case is before the Court on respondent's Motion for Judgment on the Pleadings, filed April 30, 1984, pursuant *340 to Rule 120, [1] on the ground that the United States District Court, Central District of California, entered a judgment which is resjudicata with respect to the deficiencies and additions to tax determined by respondent. Memoranda have been submitted by the parties and a hearing was held on May 30, 1984. On January 18, 1965, respondent made jeopardy assessments pursuant to the provisions of section 6861(a) [2] of deficiencies and additions to tax as follows: Additions to Tax
Year
Deficiencies
Sec.6653(b)
Interest
Total
1958
$ 395,100.53
$ 197,550.27
$ 136,504.53
$ 729,155.33
1959
$2,505,364.59
$1,252,682.30
$ 715,264.43
$4,473,311.32
1960
$2,259,503.83
$1,129,751.92
$ 509,502.64
$3,898,758.39
1961
$2,709,405.60
$1,354,702.80
$ 448,388.07
$4,512,496.47
Total
$7,869,374.55
$3,934,687.29
$1,809,659.67
$13,613,721.51
On January 25, 1965, the United States instituted proceedings under the provisions of section 7403 in the *341 United States District Court for the Central District of California of enforce collection of the deficiencies and additions to tax which had been assessed pursuant to the jeopardy assessment. On March 18, 1965, respondent issued a notice of deficiency to petitioner with respect to the taxable years 1958 through 1961. In the notice respondent determined deficiencies and additions to tax as follows: Addition to Tax
Year
Deficiency
Sec.6653(b)
1958
$ 447,767.77
$ 223,883.89
1959
$2,618,097.21
$1,309,048.60
1960
$2,257,264.90
$1,128,632.45
1961
$2,783,951.86
$1,393,798.41
Total
$8,107,081.74
$4,055,363.35
On March 24, 1965, petitioner timely filed a petition with this Court. At the time of filing his petition, petitioner resided in Vancouver, British Columbia, Canada. On September 23, 1968, respondent timely filed his answer in this proceeding. [3] On April 10, 1970, petitioner timely filed his reply to respondent's answer. [4]
*342 On July 23, 1976, the United States District Court, Central District, California, filed an opinion and entered a judgment after a trial on the merits of the Government's action to foreclose Federal tax liens in the matter of United States v. Stonehill,420 F. Supp. 46 (C.D. Cal. 1976). The judgment entered by the United States District Court for the Central District of California, on October 15, 1980 [5], determined that there was due from petitioner taxes, additions to tax, and interest for the taxable years 1958 through 1961 in the amount of $8,984,668.48. The findings of the United States District Court reflect the following breakdown: Addition to Tax
Deficiency
Year
Deficiency
Sec.6653(b)
Interest
1958
$ 10,938.84
$ 5,469.42
$ 3,779.29
1959
$1,068,307.26
$534,153.63
$304,994.41
1960
$ 762,312.15
$381,156.08
$171,896.17
1961
$1,011,062.46
$505,531.23
$167,323.91
Accrued
Year
Interest
Total
1958
$ 14,426.49
$ 34,614.04
1959
$1,408,918.06
$3,316,373.36
1960
$1,005,361.60
$2,320,726.00
1961
$1,333,421.99
$3,017,339.59
Grand Total [1]
$8,689,052.99
*343 The judgment was affirmed as to petitioner by the United States Court of Appeals for the Ninth Circuit on April 8, 1983. [6]United States v. Stonehill,702 F.2d 1288 (9th Cir. 1983), cert. denied 465 U.S.     (1984). On April 6, 1984, respondent filed his supplemental answer, pleading the above facts and concluding that the determination of petitioner's income tax liability and the additions thereto under section 6653(b) for the taxable years 1958 through 1961 are resjudicata with respect to proceedings before this Court. In his reply filed on April 18, 1984, petitioner essentially admits the factual allegations of respondent's supplemental answer, however, he concludes that resjudicata is not applicable. In determining whether or not the doctrine of resjudicata is applicable we look to the landmark case of Commissioner v. Sunnen,333 U.S. 591 (1948). In discussing this concept, the Supreme Court stated as follows at p. 597: It is first necessary to understand something of the recognized meaning and scope *344 of resjudicata, a doctrine judicial in origin. The general rule of resjudicata applies to repetitious suits involving the same cause of action. It rests upon consideration of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." * * * The judgment puts annend to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment. [Citations omitted; 333 U.S. at 597.] In applying the concept of resjudicata to the field of Federal income tax, the Supreme Court further stated as follows: These same concepts are applicable in the federal income tax field. Income taxes are levied on an annual basis. Each year is the *345 origin of a new liability and of a separate cause of action. Thus if a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is resjudicata as to any subsequent proceeding involving the same claim and the same tax year. But if the later proceeding is concerned with a similar or unlike claim relating to a different tax year, the prior judgment acts as a collateral estoppel only as to those matters in the second proceeding which were actually presented and determined in the first suit. * * * [333 U.S. at 598.] Harry S. Stonehill, petitioner herein, is the person who was a defendant in the foreclosure proceeding in the United States District Court for the Central District of California. The respondent is a party in privity with the United States of America, the prosecuting party in the aforementioned district court proceeding. Amos v. Commissioner,43 T.C. 50, 52 (1964), affd. 360 F.2d 358 (4th Cir. 1965). The same causes of action which are at issue here, petitioner's income tax liability and additions thereto for the taxable years 1958 through 1961, were in issue in the *346 district court proceeding. Each taxable year is an origin of a separate liability, and each taxable year is also the origin of a separate cause of action. Commissioner v. Sunnen,supra.See also Shaheen v. Commissioner,62 T.C. 359 (1974). As argued by respondent in his memorandum, this case is governed by our holding in Shaheen v. Commissioner,supra. In that case the United States made a jeopardy assessment and filed suit in the United States District Court to enforce collection of the jeopardy assessment. A petition was filed by the taxpayer in the United States Tax Court. The district court entered a default judgment against the taxpayer for failure to appear at a pretrial conference and a judgment was entered determining Federal income taxes and additions due from the taxpayer. No appeal was taken from the judgment. When the matter came for hearing in the United States Tax Court, the Commissioner filed a Motion for Judgment on the Pleadings on the theory that the district court judgment was resjudicata with respect to the tax years in issue. We agreed with the Commissioner in that case. Utilizing the criteria *347 set forth in Commissioner v. Sunnen,supra, we determined that all of the elements of resjudicata were present. The facts in this case even more strongly support application of the rule of resjudicata in that rather than having a default judgment in the district court, we have here a judgment based on the merits which was appealed to the Ninth Circuit and affirmed. Certiorari having been denied, every avenue of appeal has been exhausted with respect to that proceeding. Accordingly, we believe the case of Shaheen v. Commissioner,supra, is controlling here, and for all of the reasons set forth in that opinion respondent's Motion for Judgement on the Pleadings should be granted. In his memorandum and also in argument, petitioner made a feeble attempt to argue that the doctrine of resjudicata should not apply. Some of his arguments are essentially the same as those he made before the district court and the court of appeals regarding the net worth computations that were never placed in evidence in that case. See United States v. Stonehill,702 F.2d 1288, 1296 (9th Cir. 1983). Petitioner suggests *348 that respondent has abandoned his original position and therefore is not entitled to the presumption of correctness. Petitioner points to the fact that the district court made adjustments to the respondent's net worth statement which effectively reduced the assessments by approximately 60 percent. Petitioner ultimately contends that the case before this Court involves a different cause of action than that brought before the United States District Court. Having carefully reviewed the record before us including the opinion of the Court of Appeals for the Ninth Circuit, we are satisfied that petitioner's arguments have no merit. Petitioner has not convinced us that we should not apply the holding of Shaheen v. Commissioner,supra, to this case. Moreover, in his reply filed April 10, 1970, in paragraph 9 thereof, petitioner's counsel states as follows: In further reply to the answer of respondent herein, petitioner avers that the issues herein are presently being litigated between the parties in the United States District Court for the Central District of California, pending as United States v. Harry Stonehill, et al, Civil Action No. 65-127-HW, which *349 court, under applicable law and by stipulation of the parties binding upon the respondent, has full jurisdiction to determine said issues and that pending such determination all proceedings herein should be stayed. This case has been continued by the Court upon numerous requests by petitioner. The representations by petitioner's counsel were that the action in the district court would resolve the issues before this Court. In his motion to continue filed with the Court on January 10, 1978 (after the opinion in the United States District Court was filed), petitioner stated as follows: 4. Docket No. 1574-65 and 2074-65 involved the same issues as are under adjudication in the District Court, and the decision of the Court will be resjudicata as to these two cases. Petitioner made this allegation again in other status reports as well as other motions to continue this matter. After the United States Supreme Court denied certiorari, respondent forwarded a stipulated decision to petitioner reflecting the judgment of the United States District Court. Counsel for petitioner's response was "I'm not authorized to sign the decision documents * * *." Petitioner's objections *350 to the motion for judgment on the pleadings have no merit. We note that the petition in this case was filed in 1965. Thus, this proceedings has been docketed with this Court for 19 years. We will not participate in prolonging this litigation any further. For reasons set forth herein, respondent's motion for judgment on the pleadings is granted. An appropriate order and decision will be entered.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
3. Respondent's various requests for an extension of time for filing of the answer were granted by the Court. The basis for the requests for extension was that the files necessary for preparation of the answer were with the Department of Justice for purposes of maintaining the suit in the United States District Court in California. ↩
4. Petitioner's requests for extension of time to file a reply were also granted by the Court.↩
5. We note that in his supplemental answer filed on Apr. 6, 1984, respondent alleges that the United States District Court for the Central District of California entered a judgment on Oct. 15, 1980, which was based upon a finding filed on Feb. 5, 1979. In his reply filed on Apr. 18, 1984, petitioner admits that a judgment was entered on Oct. 15, 1980. Petitioner, however, alleges that the finding of the district court was filed on Feb. 5, 1970. While we do not understand the reason for the discrepancy in these dates, the Court takes judicial notice of the opinion filed on July 23, 1976, in the United States District Court for the Central District of California reported at 420 F. Supp. 46↩. 1. We note that the total here is something less than that set forth as the judgment entered on Oct. 15, 1980. We assume the difference in these figures is attributable to the fact that the breakdown accrues interest through Jan. 31, 1979, while the judgment contains interest accrued through a later date.↩
6. The United States Court of Appeals reversed in part, with respect to an issue not relevant herein.↩