ROY W. LOWRY and RUTH E. LOWRY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lowry v. Commissioner
Docket No. 15761-84.
United States Tax Court
T.C. Memo 1985-185; 1985 Tax Ct. Memo LEXIS 446; 49 T.C.M. (CCH) 1246; T.C.M. (RIA) 85185; April 16, 1985. William H. Quealy, for the respondent. COHEN
MEMORANDUM OPINION COHEN, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income taxes as follows: Addition to Tax
Year
Amount
Sec. 6653(b) [1]
1976
$1,633.00
$816.50
1977
33,428.00
16,714.00
1978
4,031.00
2,015.50
The deficiency resulted from respondent's determination that petitioners had not reported income from Cal-Quad. Inc., a corporation of which petitioner Roy W. Lowry was a majority shareholder and president. Petitioners were residents of Yorba Linda, California, at the time they filed their petition herein. *447 By notice sent November 19, 1984, the case was set for trial in San Diego, California, on February 4, 1985. On January 18, 1985, respondent filed a Motion for Leave to File Amendment to Answer, which amendment alleged that petitioner Roy W. Lowry was collateral estopped from denying fraud in this proceeding by reason of his conviction under section 7201 of income tax evasion for the years in issue. When the case was called for trial on February 4, 1984, neither petitioners nor their counsel appeared. The case was set for trial on February 7, 1985, and petitioners and their counsel again failed to appear. Respondent moved for dismissal of the case for petitioners' failure to properly prosecute, indicating that he would rely on the conviction of petitioner Roy W. Lowry to sustain his burden of proof as to fraud under sections 6653(b), 7454(a), and Rule 142(b), Tax Court Rules of Practice and Procedure. Respondent also stated that, if the motion were granted, respondent would concede the additions to tax as to petitioner Ruth E. Lowry. Because of the failure of petitioners' counsel to appear on either of the dates set for trial, the Court issued an Order to Show Cause, to be *448 served directly on petitioners, giving them another opportunity to provide any reason why a decision should not be entered against each of them for the deficiencies and against Roy W. Lowry for the additions to tax. No response to the Order to Show Cause was received. By reason of their failure to appear, issues relating to the correctness of the deficiency will be decided against them, and respondent's motion to dismiss as to those issues is granted. See Rules 149(a) and 123, Tax Court Rules of Practice and Procedure.[2]
Petitioner Roy W. Lowry is collaterally estopped from denying fraud as to the years in issue. Amos v. Commissioner,43 T.C. 50 (1964), affd. 360 F.2d 358 (4th Cir. 1965). Decision will be entered in favor of respondent and against both petitioners for the amount of deficiencies for each year and against petitioner Roy W. Lowry as to the additions to tax under *449 section 6653(b).
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. Appropriate disciplinary action may also be taken against petitioners' counsel. See Rules 201(a) and 202, Tax Court Rules of Practice and Procedure↩; Tax Court Press Release issued January 29, 1985, reported in the Wall Street Journal, page 1, February 6, 1985.