ROBERT W. HARRISON, JR. AND JOANNE G. HARRISON, Petitioners v., COMMISSIONER OF INTERNAL REVENUE, Respondent
Harrison v. Commissioner
Docket No. 14028-92
United States Tax Court
T.C. Memo 1993-587; 1993 Tax Ct. Memo LEXIS 603; 66 T.C.M. (CCH) 1566; December 14, 1993, Filed *603 Robert W. Harrison, Jr. and Joanne G. Harrison, pro se. For respondent: Lawrence Austin. SCOTT
SCOTT
MEMORANDUM OPINION SCOTT, Judge: Respondent determined deficiencies in petitioners' income tax for the calendar years 1981 and 1982 in the amounts of $ 11,781 and $ 5,356.45, respectively, and an addition to tax under section 6653(b) for the year 1981 of $ 15,837.50, and an addition to tax under section 6653(b)(1) for the year 1982 of $ 14,557.50, and an addition to tax under section 6653(b)(2) for the year 1982 of 50 percent of the interest due on $ 27,530.45. For 1982 respondent also determined an addition to tax under section 6661 of $ 6,883. [1]
On July 6, 1993, respondent filed a motion for partial summary judgment in this case in which he stated that Robert W. Harrison, Jr. (hereinafter referred to as petitioner), was collaterally estopped *604 from denying that she was liable for the addition to tax for fraud under section 6653(b) for the year 1981, and under section 6653(b)(1) and (2) for the year 1982, by reason of his conviction after a jury trial in the United States District Court for the Southern District of Georgia of willfully attempting to evade and defeat his joint tax liability under section 7201 which judgment was affirmed by the Court of Appeals for the Eleventh Circuit. Respondent's motion was set for hearing at the call of the calendar in Atlanta, Georgia, on September 27, 1993, and the case remained on that session for trial. When the case was recalled for trial on September 29, 1993, the parties filed a stipulation of settled issues which contains paragraphs 1 through 6. The stipulations contained in paragraphs 1, 2, 4, 5, and 6 of this stipulation dispose of all issues in this case other than the addition to tax for fraud in each of the years here in issue. These stipulations are incorporated herein by reference and constitute the findings of the Court with respect to all issues in this case other than the addition to tax for fraud. On August 6, 1993, petitioner filed a response to respondent's motion *605 for partial summary judgment in which petitioner pointed out that he had filed a petition for certiorari to the United States Supreme Court, which had been assigned case number CR 1892, which petition was still pending, in which he had appealed from a judgment of the Court of Appeals for the Eleventh Circuit affirming the District Court's denying of petitioner's motion to vacate and set aside the sentence and judgment of the District Court based on the jury verdict finding petitioner guilty of income tax evasion in violation of section 7201 for each of the years 1981 and 1982. At the time this case was called for trial and hearing on respondent's motion for partial summary judgment on September 29, 1993, the Supreme Court had not acted on petitioner's petition for certiorari. Petitioner, however, did not deny his conviction under section 7201 for the years 1981 and 1982. The parties agreed that action on respondent's motion for partial summary judgment should be held in abeyance by this Court until action by the Supreme Court on the petition for certiorari. They further agreed that denial by the Supreme Court of the writ would be determinative of the issue of civil fraud for the *606 taxable years 1981 and 1982, but that if the writ were granted respondent's motion should be denied by the Court as untimely. On October 4, 1993, the Supreme Court denied petitioner's writ for certiorari. Harrison v. United States, 62 U.S.L.W. 3244. This Court has for nearly 30 years held that a person who has been convicted of tax evasion under section 7201 is collaterally estopped to deny that he is liable for the additions to tax for fraud under section 6653(b) or section 6653(b)(1) and (2) for the years for which convicted. Plunkett v. Commissioner, 465 F.2d 299, 305 (7th Cir. 1972), affg. T.C. Memo. 1970-274; Amos v. Commissioner, 43 T.C. 50 (1964), affd. 360 F.2d 358 (4th Cir. 1965). Therefore, respondent's motion for partial summary judgment is granted and this Court holds that petitioner Robert W. Harrison, Jr., is liable for the additions to tax for fraud under section 6653(b) for 1981 and under section 6653(b)(1) and (2) for 1982. Respondent has made no showing of fraud with respect to petitioner Joanne G. Harrison, and, *607 therefore, the Court holds that respondent has failed to show that Mrs. Harrison is liable for additions to tax for fraud for either 1981 or 1982. See Rodney v. Commissioner, 53 T.C. 287 (1969). In holding that Mrs. Harrison is not liable for the addition to tax for fraud, we have considered the fact that the stipulation of settled issues signed by both Mr. and Mrs. Harrison contains a sentence that states "The parties agree, for purposes of the above-styled and numbered cause, denial of said writ would be determinative of the issue of civil fraud under I.R.C. section 6653(b) for the taxable years 1981 and 1982". However, this statement was made in a paragraph dealing with respondent's motion for partial summary judgment and is sufficiently ambiguous that the Court does not consider it sufficient to be a concession by Mrs. Harrison of fraud on her part. Respondent's motion for partial summary judgment only requested an adjudication of the issue of the addition to tax for fraud with respect to petitioner Robert W. Harrison, Jr. Respondent's motion for partial summary judgment will be granted. An appropriate order will be issued and decision will *608 be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩