T.C. Memo. 2001-222

UNITED STATES TAX COURT

JOHN S. FAGAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 820-98.                    Filed August 14, 2001.

<u>Dan S. Maccabee</u>, for petitioner.

<u>David R. Jojola</u> and <u>Angelique Neal</u>, for respondent.

MEMORANDUM OPINION

PAJAK, <u>Special Trial Judge</u>: This matter is before the Court on respondent's motion for partial summary judgment.

For the year 1987, respondent determined a deficiency in petitioner's Federal income tax in the amount of $370,360 and additions to tax under section 6653(b)(1)(A) in the amount of $277,770, under section 6653(b)(1)(B) in an amount to be

determined of 50 percent of the interest due on $370,360, and under section 6654 in the amount of $19,881.  The deficiency was based on respondent's determination that petitioner had not reported $970,000 of income from the distribution of marijuana. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent's motion for partial summary judgment is limited to the issue of whether petitioner is collaterally estopped from disputing that there is an underpayment of his tax for 1987 and that some part of the underpayment is due to fraud within the meaning of section 6653(b).

On September 29, 1993, the U.S. Attorney filed with the U.S. District Court for the District of Nevada in United States v. John Steven Fagan, Criminal No. N-92-61-HDM, a three count Information: Count One--Conspiracy to import in excess of 1,000 kilograms of marijuana/asset forfeiture; Count Two--Unreported exportation of currency in excess of $10,000; and Count Three--Felony tax evasion.  The Information further described Count Three as Section 7201--Income tax evasion.  In Count Three, the Information set forth the accusation that John Steven Fagan (Fagan) (petitioner in this case) had received taxable income of

$970,000 from marijuana trafficking activities and that he "did willfully attempt to evade and defeat the said income tax due" on that amount in violation of section 7201.

On November 28, 1997, the District Court entered a judgment in the criminal case against Fagan finding him guilty, inter alia, of the offense of Income Tax Evasion under section 7201 for the year 1987. Fagan had pleaded guilty to Counts One, Two, and Three of the Information, described above. Fagan was represented by his then attorney, Christopher H. Wing.

Section 6653(b)(1)(A) provides an addition to tax if any part of the underpayment was due to fraud, in the amount of 75 percent of the portion of the underpayment attributable to fraud. Section 6653(b)(1)(B) provides an addition to tax equal to 50 percent of the interest due with respect to the portion of the underpayment that is attributable to fraud. To establish fraud under section 6653(b) respondent must prove by clear and convincing evidence: (1) That there was an underpayment of tax for each year; and (2) that a portion of the underpayment for each year was due to fraud. Sec. 7454(a); Rule 142(b).

To establish that there was an underpayment and that a portion of the underpayment for each year was due to fraud, respondent relies on petitioner's criminal conviction under section 7201. Respondent argues that petitioner's conviction for

willfully attempting to evade and defeat income tax for 1987 is binding on petitioner and that under the doctrine of collateral estoppel petitioner is estopped from denying that for the year 1987 there was an underpayment of his taxes due to fraud. We agree.

This Court addressed the effect of convictions under section 7201 on determinations made under section 6653(b) in Amos v. Commissioner, 43 T.C. 50, 55-56 (1964), affd. 360 F.2d 358 (4th Cir. 1965). In Amos v. Commissioner, supra, this Court concluded that the fraudulent intent required under section 6653(b) is included within the fraudulent intent element of a conviction under section 7201. A finding in a criminal proceeding that a taxpayer willfully attempted to evade income tax under section 7201 therefore is binding on that taxpayer under the doctrine of collateral estoppel in a subsequent civil proceeding involving a tax deficiency for the same year. Tomlinson v. Lefkowitz, 334 F.2d 262 (5th Cir. 1964); Brooks v. Commissioner, 82 T.C. 413, 431 (1984), affd. without published opinion 772 F.2d 910 (9th Cir. 1985); Amos v. Commissioner, supra at 55-56; Deletis v. Commissioner, T.C. Memo. 1995-512; Knoff v. Commissioner, T.C. Memo. 1992-624; Savage v. Commissioner, T.C. Memo. 1992-129.

Petitioner seeks to avoid the foregoing result by referring to his statement and a Clarification of a Plea Agreement.

Petitioner's self-serving statement in a 1995 hearing in a criminal matter relating to another individual to the effect that petitioner thought he would not have to pay taxes on his marijuana dealings is simply not relevant to the issue before the Court.

On September 28, 1993, petitioner entered into a Plea Agreement. On the same day, petitioner entered into a Clarification of Plea Agreement (1993 Clarification), signed by petitioner, by his counsel, and by an Assistant U.S. Attorney. The 1993 Clarification states, in one of its two separate paragraphs: "_At this time_, the United States and defendant JOHN STEVEN FAGAN have been unable to resolve the tax issues associated with this matter. Therefore, the parties are in agreement that there will not be a resolution of any remaining tax issues, either during, or by virtue of, the sentencing in this matter." (Emphasis supplied.) Petitioner now claims that under this language of the 1993 Clarification petitioner is not collaterally estopped from contesting the fraud addition to tax.

The 1993 Clarification was filed in petitioner's criminal case on November 26, 1997. This Clarification did not affect the actions taken on November 28, 1997. What is significant here is that on November 28, 1997, the District Court entered judgment against petitioner under section 7201 for income tax evasion.

Once accepted by the District Court, petitioner's voluntary plea of guilt for violation of section 7201, with its intrinsic admission of each element of the crime, triggered the related consequences attending such plea, including collateral estoppel as to fraud under section 6653(b). <u>Blohm v. Commissioner</u>, 994 F.2d 1542, 1554 (11th Cir. 1993), affg. T.C. Memo. 1991-636. Nothing petitioner has raised changes the conclusive facts that he pleaded guilty and was found criminally guilty of violating section 7201 by engaging in income tax evasion.

Based on the cited authorities, petitioner is collaterally estopped from denying that some part of the underpayment in his tax was due to fraud within the meaning of section 6653(b).

<u>An appropriate order will be issued</u>.