WILLIAM J. FISHER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fisher v. Commissioner
Docket No. 18058-89
United States Tax Court
T.C. Memo 1991-390; 1991 Tax Ct. Memo LEXIS 455; 62 T.C.M. (CCH) 459; T.C.M. (RIA) 91390; August 12, 1991, Filed *455 William J. Fisher, pro se. William T. Lyons, for the respondent. RUWE, Judge. RUWE
MEMORANDUM FINDINGS OF FACT AND OPINION This matter is before the Court on respondent's motion for partial summary judgment, filed June 14, 1991, pursuant to Rule 121. [1] In his notice of deficiency, respondent determined deficiencies and additions to tax in petitioner's Federal income taxes as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b)(1)
Sec. 6653(b)(2)
Sec. 6661
1983
$ 11,149
$ 5,575
50 percent of
$ 2,787
the interest
due on $ 11,149
1984
31,101
15,551
50 percent of
7,775
the interest
due on $ 31,101
1985
39,594
19,797
50 percent of
9,899
the interest due on $ 39,594
FINDINGS OF FACT On September 18, 1989, *456 petitioner filed an amended petition with this Court. On October 13, 1989, respondent filed his answer which included affirmative allegations concerning the additions to tax for fraud under section 6653(b). Specifically, respondent alleged: 6. FURTHER ANSWERING the petition, and in support of the determination that a part of the underpayment of tax required to be shown on the petitioner's income tax returns for each the taxable years 1983, 1984 and 1985 is due to fraud, the respondent affirmatively relies upon the doctrine of collateral estoppel (estoppel by judgment), and alleges: (a) William J. Fisher, the petitioner herein, is the same person who was the defendant in the criminal case of United States of America v. William J. Fisher (District of New Jersey, Docket No. 88-226-01, aff'd, 3d Cir., Sept. 15, 1989). (b) The respondent herein is a party in privity with the United States of America, the prosecuting party in the aforesaid criminal case in which the petitioner herein was the defendant. (c) The indictment in said criminal case set forth the following charges against the defendant, the petitioner herein: THE GRAND JURY * * * CHARGES: COUNT I
At various *457 times relevant to this Indictment: 1. The defendant * * * was the Director of Maintenance and Custodial Services for the Jersey City Board of Education * * * and controlled a budget in excess of $ 10,000,000. 2. The defendant * * * was entrusted with administrative powers and responsibilities affecting the selection and retention of various vendors which were hired by the Board. 3. From 1981 through 1986 in Jersey City * * * the defendant * * * knowingly and wilfully committed extortion, as that term is defined in Title 18, United States Code, Section 1951, by obtaining property including cash in excess of $ 250,000 from a welding contractor with his consent * * * induced by a wrongful use of fear of financial and economic injury * * * and under color of official right * * * COUNT 2
[Voluntarily dismissed by government.] COUNT 3
1. [Count 1, paragraphs 1 and 2 realleged.] 2. From 1981 through 1985 * * * the defendant knowingly and wilfully committed extortion * * * by obtaining property, including video equipment for himself with a value in excess of $ 1,000 and appliances for another official of the Board with a value in excess of $ 1,500 from a vendor * * *458 * COUNT 4
1. [Count 1, paragraphs 1 and 2 realleged.] 2. That on or about the 15 day of April, 1984 * * * the defendant * * * did wilfully attempt to evade and defeat a large part of the income tax due and owing * * * for the calendar year 1983, by filing * * * a false and fraudulent joint U.S. Individual Income Tax Return * * * wherein it was stated that their joint taxable income * * * was the sum of $ 25,667, and that the amount of tax due and owing thereon was the sum of $ 3,936, whereas, as he then and there well knew and believed, their joint taxable income * * * was the sum of $ 56,533, upon which said joint taxable income there was owing * * * an income tax of $ 14,627. In violation of Title 26, United States Code, Section 7201. COUNT 5
1. [Count 1, paragraphs 1 and 2 realleged.] 2. That on or about the 15 day of April, 1985 * * * the defendant * * * did wilfully attempt to evade and defeat a large part of the income tax due and owing * * * for the calendar year 1984, by filing * * * a false and fraudulent joint U.S. Individual Income Tax Return * * * wherein it was stated that their joint taxable income * * * was the sum of $ 33,514, and that the amount *459 of tax due and owing thereon was the sum of $ 5,705, whereas, as he then and there well knew and believed, their joint taxable income * * * was the sum of $ 109,886, upon which said joint taxable income there was owing * * * an income tax of $ 36,768. In violation of Title 26, United States Code, Section 7201. COUNT 6
1. [Count 1, paragraphs 1 and 2 realleged.] 2. That on or about the 15 day of April, 1986 * * * the defendant * * * did wilfully attempt to evade and defeat a large part of the income tax due and owing * * * for the calendar year 1985, by filing * * * a false and fraudulent joint U.S. Individual Income Tax Return * * * wherein it was stated that their joint taxable income * * * was the sum of $ 30,982, and that the amount of tax due and owing thereon was the sum of $ 6,228, whereas, as he then and there well knew and believed, their joint taxable income * * * was the sum of $ 109,896, upon which said joint taxable income there was owing * * * an income tax of $ 36,290. In violation of Title 26, United States Code, Section 7201.
(d) Petitioner was tried on the above five counts of the indictment, and on December 9, 1988 was found guilty by a jury on all *460 five counts. (e) On January 27, 1989, the United States District Court entered its judgment pursuant to said verdict * * *. (f) On September 15, 1989, the U.S. Court of Appeals for the Third Circuit issued an opinion on the petitioner's appeal of said conviction, affirming the judgment of conviction, but vacating the sentence and remanding the case for resentencing. (g) Among the issues of fact determined in the aforesaid criminal case was whether William J. Fisher, the defendant therein, and the petitioner herein, did in fact wilfully file false and fraudulent income tax returns for the taxable years 1983, 1984 and 1985 with intent to evade and defeat income tax, and whether he did in fact by such means understate a part of the income tax due and owing by him to the United States of America for said year. (h) One of the issues in the instant case is whether the additions to tax imposed by I.R.C. §§ 6653(b)(1) and (2) should be imposed against the petitioner for the taxable years 1983, 1984 and 1985. (i) Said issue in the instant case is the same as the issue which was presented and determined adversely to the petitioner in the aforesaid criminal case to the extent that both the *461 imposition of the addition to tax against the petitioner for the taxable years 1983, 1984 and 1985, under I.R.C. §§ 6653(b)(1) and (2), and said judgment of conviction of the petitioner for violation of I.R.C. § 7201, are each dependent upon findings that petitioner for said years did in fact file false and fraudulent income tax returns and that by reason of such fraud there are for said years underpayments of income tax. (j) The prior criminal conviction of the petitioner under I.R.C. § 7201 for the taxable years 1983, 1984 and 1985 is conclusive and binding upon the petitioner, and by reason thereof the petitioner is estopped in the instant case, under the doctrine of collateral estoppel (estoppel by judgment), from denying herein that he wilfully filed false and fraudulent income tax returns for the taxable years 1983, 1984 and 1985 with intent to evade and defeat a part of the income tax due and owing by him for said years, and that due to such fraud there are for said years underpayments of tax within the meaning of I.R.C. § 6653(b)(1) and (2). (k) By reason of such prior criminal conviction, the petitioner is estopped in the instant case, under the doctrine of collateral estoppel *462 (estoppel by judgment), from denying that a part of the underpayment of income tax for each of the years 1983, 1984 and 1985 is due to fraud, and that, therefore, the petitioner is liable for the addition to the tax imposed by I.R.C. §§ 6653(b)(1) and (2), as determined by the respondent in the statutory notice, upon which notice the instant case is based.
Petitioner did not reply to respondent's answer within 45 days as required by Rule 37(a). On January 4, 1990, respondent timely filed a motion for entry of order that undenied allegations in answer be deemed admitted pursuant to Rule 37(c). Respondent mailed a copy of this motion to petitioner on January 2, 1990. On January 5, 1990, this Court served notice upon petitioner of respondent's Rule 37(c) motion and directed petitioner to file a reply on or before January 25, 1990. This notice also advised petitioner that his failure to reply to respondent's motion would result in the granting of respondent's motion, and that the affirmative allegations in respondent's answer would be deemed admitted. Petitioner did not file a reply as requested by this Court in its notice of January 5, 1990. On February 5, 1990, this Court *463 granted respondent's Rule 37(c) motion and ordered that the undenied allegations in respondent's answer be deemed admitted. On June 14, 1991, respondent filed a motion for partial summary judgment on the issue of additions to tax for fraud under section 6653(b), a memorandum of authorities, and an affidavit in support of his motion. On June 19, 1991, this Court ordered petitioner to file a response, if any, to respondent's motion for partial summary judgment on or before July, 19, 1991. This Court has not received a response from petitioner. OPINION Rule 121(b) provides that a partial summary adjudication which does not dispose of all the issues in the case may be rendered "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." The factual materials and the inferences drawn from such materials must be considered in the light most favorable to the party opposing the motion. Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Gauntt v. Commissioner, 82 T.C. 96, 101 (1984); *464 Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). Respondent, as the moving party, has the burden of proving that no genuine issue exists as to any material fact, and that he is entitled to partial summary judgment as a matter of law. Naftel v. Commissioner, supra at 529; Marshall v. Commissioner, 85 T.C. 267, 271 (1985); Gulfstream Land & Development Corp. v. Commissioner, 71 T.C. 587, 596-597 (1979). The issue for decision is whether petitioner is liable for the additions to tax for fraud under section 6653(b) as a matter of law. Respondent bears the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b). The elements that respondent must prove with respect to each year are: (1) The existence of an underpayment of tax, and (2) that some part of the underpayment was due to fraud. Petzoldt v. Commissioner, 92 T.C. 661, 698-699 (1989); Hebrank v. Commissioner, 81 T.C. 640, 642 (1983); Habersham-Bey v. Commissioner, 78 T.C. 304, 311 (1982). Respondent need not prove the exact amount of the underpayments resulting *465 from fraud, but only that "any part" of underpayment is attributable thereto. Otsuki v. Commissioner, 53 T.C. 96, 105 (1969). In support of his motion for partial summary judgment, respondent relies on the factual allegations in his answer which this Court has deemed admitted. Respondent may rely on deemed admissions to prove fraud. Marshall v. Commissioner, supra at 272-273; Doncaster v. Commissioner, 77 T.C. 334, 336-337 (1981); see Rule 37(c). These admissions affirmatively establish that petitioner was found guilty of violating section 7201 for each of the years in issue. The law is clear that a criminal conviction based on an indictment under section 7201 carries with it the ultimate factual determination that an underpayment exists and that some part of the underpayment is due to fraud. Amos v. Commissioner, 43 T.C. 50, 54-55 (1964), affd. 360 F.2d 358 (4th Cir. 1965); Arctic Ice Cream Co. v. Commissioner, 43 T.C. 68, 74 (1964). Thus, petitioner is collaterally estopped from denying fraud, and we grant respondent's motion for partial summary judgment. *466 An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code as amended and in effect for the years in issue.↩