Ralph K. MOORE (78–1164), Blue Ridge
Transportation Company, Inc. (78–
1165), Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE, (78–1164/5),
Respondent-Appellee.

No. 78–1164, 78–1165.

United States Court of Appeals,
Sixth Circuit.

April 23, 1980.

Perry Shields, Bernstein, Dougherty &
Susano, W. P. Boone Dougherty, Knoxville,
Tenn., for petitioners-appellants.

M. Carr Ferguson, Richard Farber, Asst.
Atty. Gen., Gilbert E. Andrews, Mary Jennings, Tax Div., U. S. Dept. of Justice,
Washington, D. C., Stewart E. Seigel, Chief
Counsel, Internal Revenue Service, Washington, D. C., for respondent-appellee.

Before LIVELY, MARTIN and JONES,
Circuit Judges.

## ORDER

On November 19, 1971, the Commissioner
of Internal Revenue (the "Commissioner")
mailed a deficiency notice to the Appellants
with respect to their 1963 and 1964 return.
At the time the deficiency notices were
mailed to Appellants, the period for assessment of an income tax deficiency for 1963
against the Moores, and for 1963 and 1964
against the Blue Ridge Transportation
Company had expired unless fraudulent returns were filed. 26 U.S.C. § 6501(c)(1).
Similarly, the period for assessment of a
deficiency for 1964 against the Moore's had
expired unless a fraudulent return was filed
or unless gross income was understated by
25 percent.

Appellants appeal from an Order of the
United States Tax Court, assessing deficiencies and penalties for Appellants' filing
of fraudulent income tax returns, 26 U.S.C.
§ 6501. We affirm.

Both parties agree that the Commissioner has the burden of establishing by
clear and convincing evidence that Appellants intentionally designed to evade a tax
believed to be owing. Fraud with intent to
evade a tax may be shown by circumstantial evidence, including, *inter alia*, evidence
of false bookkeeping entries and conduct
calculated to conceal sources of income and
to avoid the making of normal business
records. *Spies v. United States,* 317 U.S.
492, 494, 63 S.Ct. 364, 365, 87 L.Ed. 418
(1943). Based upon our review of the record and the Tax Court's findings of fact, we
believe that the Tax Court's holding that
the Appellants filed fraudulent income tax
returns was not erroneous.

Accordingly, the judgment of the Tax
Court is hereby affirmed.