T.C. Memo. 1998-452


UNITED STATES TAX COURT


RICHARD A. COLE, M.D., INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2378-95.                Filed December 23, 1998.


Richard A. Cole, for petitioner.

<u>Louise R. Forbes</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


COLVIN, <u>Judge</u>:  Respondent determined deficiencies in

petitioner's Federal income tax and additions to tax as follows:

| | | Additions to tax | | |
|---|---|---|---|---|
| | | Sec. | Sec. | Sec. |
| FY[1] | Deficiency | 6653(b)(1)(A)[2] | 6653(b)(1)(B) | 6661 |
| 1987 | $116,223 | $87,167 | [3] | $29,056 |
| 1988 | 86,303 | 64,727 | -- | 21,576 |

[1] Petitioner's 1987 fiscal year ended on May 31, 1988, and its 1988 fiscal year ended on May 31, 1989.

[2] Section 6653(b)(1) for fiscal year 1988.

[3] Fifty percent of the interest due on $116,223.

The issues for decision are:

1.   Whether respondent's evidence (i.e., certain of petitioner's business records) is inadmissible because of petitioner's contention that it was obtained from an illegal search and seizure.  We hold that the evidence is admissible.

2.   Whether petitioner had unreported income from its medical practice of $338,317 for fiscal year 1987 and $259,951 for fiscal year 1988.  We hold that it did.

3.   Whether petitioner had unreported interest income of $990 for fiscal year 1987 and $5,189 for fiscal year 1988.  We hold that it did.

4.   Whether petitioner may carry forward a net operating loss of $2,341 for fiscal year 1988.  We hold that it may not.

5.   Whether petitioner is liable for fraud under section 6653(b) for fiscal years 1987 and 1988.  We hold that it is.

6.   Whether petitioner is liable for additions to tax for substantial understatement of income tax under section 6661 for fiscal years 1987 and 1988.  We hold that it is.

Section references are to the Internal Revenue Code in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

## I. FINDINGS OF FACT

Some of the facts have been stipulated and are so found.[1]

A. Petitioner

1. Incorporation of Richard A. Cole, M.D., Inc.

Richard A. Cole (Dr. Cole) received his undergraduate degree from Tufts University and his medical degree from Johns Hopkins Medical School. During the years in issue, Dr. Cole was a practicing physician who specialized in endocrinology.

Richard A. Cole, M.D., Inc. (petitioner), is a Pennsylvania corporation incorporated by Dr. Cole on June 1, 1979. Dr. Cole was petitioner's president and sole shareholder in fiscal years 1987 and 1988. Petitioner was in the business of providing medical services during fiscal years 1987 and 1988.

2. Petitioner's Bank Accounts

During the tax years at issue, petitioner maintained accounts at Marine Bank, Northwest Mutual Savings Bank, and Mellon Bank. Petitioner received interest income of $1,333 in fiscal year 1987 and $5,189 in fiscal year 1988 on its Marine Savings Bank savings account.

---

[1] The stipulated facts were deemed established for purposes of this case. See par. I-E, below.

3.   Petitioner's Business Receipts

Kathryn Hale (Ms. Hale) was petitioner's office manager for the years at issue.  Ms. Hale began working for Dr. Cole and petitioner in 1980.  At that time she was the only employee.  She answered phones, made appointments, took dictation, pulled charts, and filed.  Ms. Hale stopped working for Dr. Cole and petitioner in May 1990.  During those years, Dr. Cole hired additional employees, such as Donna King-Deck (Ms. King-Deck) and Trish Henderson (Ms. Henderson), and Ms. Hale became the office manager.

Petitioner received cash and checks daily in fiscal years 1987 and 1988 from patients who received medical services from Dr. Cole.  Petitioner's business receipts were recorded each day on "day sheets" for the years at issue and totaled for each day, month, and year.  Ms. Hale was responsible during the years at issue for billing, handling patients' insurance, collecting payments, and maintaining the day sheets.  Ms. Hale usually made the entries on the day sheets.  Occasionally, Dr. Cole, Ms. King-Deck, or Ms. Henderson made entries on the day sheets.

The day sheets included the patient's name, the service provided, the fee for that service, and whether the patient paid by cash or check.  Receipts were totaled daily and carried forward.  The day sheet for the last day of the month showed the

monthly total of business receipts.  Dr. Cole had access to the day sheets and could review them at any time.

Ms. Hale assembled petitioner's daily receipts and gave them to Dr. Cole to deposit each day.  Dr. Cole or his wife deposited the receipts.  Ms. Hale made the deposits when Dr. Cole was on vacation.

Petitioner's receipts for June, July, and August 1987 were deposited in its accounts at Northwest Mutual Savings Bank or Mellon Bank.  Petitioner's receipts from September 1987 to May 1989 were deposited in its account at Marine Bank.  Petitioner's receipts totaled $1,240,547.69 in fiscal year 1987 and $1,400,726.22 in fiscal year 1988.

Around December 1989, Dr. Cole asked Ms. Hale for the yearly total and a monthly breakdown of petitioner's gross receipts for fiscal year 1988.  She told him that petitioner's gross receipts for fiscal year 1988 were $1,376,401.27.

B.   Petitioner's Tax Returns

Carl Lindblad (Mr. Lindblad) prepared petitioner's tax returns since it was incorporated, including its 1987 and 1988 returns.  Mr. Lindblad never saw petitioner's corporate books and records.

Mr. Lindblad prepared petitioner's 1987 tax return on the basis of a phone conversation with Dr. Cole and a handwritten summary of petitioner's gross receipts and interest and a list of

its expenses that Dr. Cole sent him. Dr. Cole's summary showed that petitioner had gross receipts of $899,156 and interest of $343. He later told Mr. Lindblad that petitioner's gross receipts were $894,314. Mr. Lindblad prepared petitioner's 1987 return, and sent it to Dr. Cole to sign and file. Petitioner reported on its 1987 return that it had gross receipts of $894,314, interest of $343, and a net operating loss of $2,341.

In February 1990, Dr. Cole sent Mr. Lindblad a summary of petitioner's gross receipts and deductions for fiscal year 1988. Dr. Cole's summary showed that petitioner had gross receipts of $1,135,781. On the basis of that information, Mr. Lindblad prepared petitioner's 1988 tax return and sent it to Dr. Cole to sign and file. Petitioner reported on its 1988 return that it had gross receipts of $1,135,281, zero interest, and a net operating loss carryforward of $2,341.

Dr. Cole reviewed, signed, and filed petitioner's 1987 and 1988 corporate income tax returns (Forms 1120) after he received them from Mr. Lindblad. Mr. Lindblad prepared the returns on the cash basis method of accounting.

C. Petitioner's Indictment and Plea Agreement

In November 1991, petitioner and Dr. Cole were indicted by a grand jury on 561 counts, including distributing methamphetamine, a controlled substance; committing mail fraud by causing false and fraudulent claims to be processed by patients' insurance

companies and third-party payers; and violating sections 7201 (income tax evasion) and 7206(1) (filing false tax returns). Petitioner and Dr. Cole were indicted under section 7201 for attempting to evade and defeat income tax due and owing by the corporation for fiscal years 1987 and 1988 by signing and filing false U.S. corporate income tax returns for fiscal years 1987 and 1988, and under section 7206(1) for filing false U.S. corporate income tax returns for fiscal years 1987 and 1988. The indictment alleged that petitioner knowingly failed to report gross receipts from its medical practice.

Dr. Cole was represented by Attorney F. Lee Bailey (Mr. Bailey). On November 9, 1992, Dr. Cole signed a plea agreement in which he and petitioner pled guilty to 11 counts in the indictment, including distributing a controlled substance, mail fraud, and willfully attempting to evade and defeat the income tax due and owing by petitioner for fiscal year 1987 under section 7201. Bailey also signed the plea agreement. The plea agreement stated that the Criminal Investigation Division (CID) could release to the IRS Examination Division the special agent's report and accompanying exhibits, including petitioner's bank records and day sheets. By signing the plea agreement, Dr. Cole agreed that the IRS Examination Division could use the information contained in the special agent's report and accompanying exhibits to determine any civil tax deficiencies.

On March 5, 1993, the U.S. District Court for the Western District of Pennsylvania entered judgment against Dr. Cole and petitioner pursuant to Dr. Cole's guilty plea. Dr. Cole was sentenced and ordered to make restitution.

The U.S. Court of Appeals for the Third Circuit affirmed petitioner's and Dr. Cole's convictions, without published opinion. United States v. Cole, 8 F.3d 813 (3d Cir. 1993). Dr. Cole contends that, on April 22, 1994, he filed a motion to vacate his criminal conviction under 28 U.S.C. section 2255 (1994). The U.S. District Court for the Western District of Pennsylvania dismissed the motion. Dr. Cole further contends that, on July 25, 1994, he filed an appeal that he claims was not docketed until November 6, 1994. The Court of Appeals for the Third Circuit dismissed the appeal as untimely on December 30, 1994. He appealed the dismissal, but the appeal was not docketed. In October 1996, Dr. Cole filed a motion to reopen the appeal. The Court of Appeals for the Third Circuit denied his motion on March 26, 1997. Dr. Cole filed a petition for extraordinary writ of habeas corpus. The U.S. Supreme Court denied his petition on January 26, 1998. On February 17, 1998, he filed a petition for rehearing.

D. Notice of Deficiency

Respondent sent a notice of deficiency dated November 14, 1994, to petitioner for fiscal years 1987 and 1988. Respondent

determined that petitioner had unreported receipts of $338,317 for fiscal year 1987 and $259,951 for fiscal year 1988, had unreported interest income of $990 for fiscal year 1987 and $5,189 for fiscal year 1988, and was not entitled to carry forward a net operating loss of $2,341 to fiscal year 1988, and that petitioner was liable for additions to tax for fraud and substantial understatement for fiscal years 1987 and 1988.

E.    The Stipulation of Facts

On January 20, 1998, respondent, pursuant to Rule 91(f), moved to compel stipulation and attached a proposed stipulation of facts and related exhibits.  On February 10, 1998, petitioner's response was filed.  In it, petitioner alleged that respondent's proposed stipulation was based on records that were obtained from an illegal search and seizure from its office and objected to these records' being used in this case.  On February 12, 1998, we overruled petitioner's objection and ordered petitioner to supplement its response and respond substantively to the order to show cause.  Petitioner did not do so.  On March 4, 1998, we ordered that the facts and evidence stated in respondent's proposed stipulation of facts be deemed established for purposes of this case.

Dr. Cole testified for petitioner.

## II.  OPINION

### A.  Procedural Issues

Petitioner argues that its plea of guilty in the prior criminal case was not voluntary because its counsel coerced the guilty plea.  We disagree.  Petitioner offered no evidence or explanation to support its claim that its counsel coerced the guilty plea.

Petitioner points out that respondent used the day sheets to determine the deficiencies in issue and contends that the Government got those records from an illegal search and seizure in its office.  Petitioner contends that its counsel in the criminal case failed to raise the illegal search and seizure issue.  Petitioner contends that the day sheets should be excluded from evidence here.  We disagree.  Petitioner agreed as part of the plea in his criminal case to allow the CID to release to the IRS Examination Division the special agent's report and petitioner's bank records and day sheets.  Petitioner waived its right to object to the use of these records by signing the plea agreement.

### B.  Unreported Receipts

Respondent determined that petitioner had unreported receipts of $338,317 for fiscal year 1987 and $259,951 for fiscal

year 1988.  Petitioner's receipts totaled $1,240,547.69 in fiscal year 1987 and $1,400,726.22 in fiscal year 1988, yet it reported that it had gross receipts of only $894,314 for 1987 and $1,135,281 for 1988.

Dr. Cole said at trial that there may have been errors in petitioner's books.  Petitioner contends that the day sheets are unreliable because Ms. Hale prepared them, and alleges that Ms. Hale made fraudulent entries to petitioner's records.  We disagree.  Ms. Hale testified credibly that she prepared petitioner's day sheets daily and totaled the receipts daily, monthly, and yearly.  Petitioner offered no evidence that the day sheets Ms. Hale prepared are unreliable or that she made fraudulent entries to petitioner's books.  We find that the day sheets were reliable.

At trial, Dr. Cole sought to attack Ms. Hale's credibility because she applied for unemployment benefits for which the State of Massachusetts ruled she was not eligible.  We disagree.  There was nothing about that episode that makes her testimony here less credible.  Dr. Cole sought to attack the reliability of the day sheets because petitioner's office manager discovered in April 1990 undeposited checks of $87,000 in a file cabinet used by Ms. Hale that Dr. Cole alleges Ms. Hale should have deposited.  Ms.

Hale testified credibly that she had no knowledge of the checks. Petitioner offered no evidence concerning the dates of the undeposited checks and when they were received. We disagree with petitioner's contention that the day sheets are unreliable.

Respondent's determination is presumed to be correct, and petitioner bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner has not proven that it did not have unreported income from its medical practice of $338,317 in fiscal year 1987 and $259,951 in fiscal year 1988. We sustain respondent's determination.

C. Unreported Interest Income

Petitioner received interest income of $1,333 in fiscal year 1987 and $5,189 in fiscal year 1988. Petitioner reported that it received interest income of $343 for fiscal year 1987 and zero interest income for fiscal year 1988. Petitioner does not deny that it received the interest income at issue. We conclude that petitioner had unreported interest income of $990 for fiscal year 1987 and $5,189 for fiscal year 1988.

D. Net Operating Loss

Section 172 allows a taxpayer to deduct net operating losses. Petitioner reported that it had a net operating loss of

$2,341 for fiscal year 1987, and a net operating loss carryforward of $2,341 for fiscal year 1988.

Respondent determined that petitioner did not have a net operating loss for fiscal year 1987 and that petitioner had no carryforward to fiscal year 1988 because respondent's adjustments to petitioner's 1987 gross receipts eliminated the claimed net operating loss.

Because of our holdings that petitioner had unreported gross receipts and unreported interest income for 1987, petitioner did not have a net operating loss, and thus we sustain respondent's determination on this issue.

E.   Fraud

Respondent determined that petitioner is liable for additions to tax for fraud for fiscal years 1987 and 1988. Respondent has the burden of proving fraud by clear and convincing evidence.  Sec. 7454(a); Rule 142(b).  The existence of fraud is a question of fact to be decided by consideration of the entire record.  Parks v. Commissioner, 94 T.C. 654, 660 (1990); Gajewski v. Commissioner, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978).

1. Petitioner Is Collaterally Estopped To Deny Fraud for Fiscal Year 1987

Petitioner pled guilty to income tax evasion under section 7201 for fiscal year 1987.  A guilty plea is an admission of all the elements of the criminal charge.  McCarthy v. United States, 394 U.S. 459, 465-466 (1969).  Petitioner's conviction as a result of a guilty plea of criminal tax evasion under section 7201 for fiscal year 1987 collaterally estops it from denying that some part of the deficiency in its income tax for fiscal year 1987 was due to fraud for purposes of section 6653(b) because the elements of criminal tax evasion under section 7201 are virtually identical to the elements of civil tax fraud under section 6653(b).  Plunkett v. Commissioner, 465 F.2d 299, 305-306 (7th Cir. 1972), affg. T.C. Memo. 1970-274; Stone v. Commissioner, 56 T.C. 213, 221-223 (1971); Amos v. Commissioner, 43 T.C. 50, 55 (1964), affd. 360 F.2d 358 (4th Cir. 1965).

2. Fraud for Fiscal Year 1988

Petitioner's fraudulent intent may be established by the acts of its sole shareholder, Dr. Cole, who completely dominated its activity.  See DiLeo v. Commissioner, 96 T.C. 858, 875 (1991)

(corporate fraud found from fraudulent intent of corporate officers), affd. 959 F.2d 16 (2d Cir. 1992); Auerbach Shoe Co. v. Commissioner, 21 T.C. 191, 194 (1953), affd. 216 F.2d 693 (1st Cir. 1954); Moore v. Commissioner, T.C. Memo. 1977-275, affd. 619 F.2d 619 (6th Cir. 1980); cf. Asphalt Indus., Inc. v. Commissioner, 384 F.2d 229, 233 and n.11 (3d Cir. 1967) (fraud of a sole shareholder may be attributed to the corporation; however, a corporation was not subject to fraud penalties where an innocent stockholder owned one-half of the corporation), revg. 46 T.C. 622 (1966).

Courts have developed several objective indicators, or "badges", of fraud. Recklitis v. Commissioner, 91 T.C. 874, 910 (1988). The badges of fraud present in this case are Dr. Cole's: (a) Giving of false information to petitioner's tax return preparer; (b) failure to use books and records; and (c) large understatements of income.

a. Giving False Information to Petitioner's Tax
Return Preparer

Dr. Cole concealed petitioner's total gross receipts from Mr. Lindblad by giving him inaccurate summaries and no supporting documents, such as the day sheets and bank statements. Dr. Cole asked Ms. Hale in December 1989 for petitioner's gross receipts for fiscal year 1988. She told him they were $1,376,401.27, yet he told Mr. Lindblad in February 1990 that petitioner's gross

receipts were only $1,135,781.  The fact that Dr. Cole gave false information to the corporate return preparer is a badge of fraud. Korecky v. Commissioner, 781 F.2d 1566, 1569 (11th Cir. 1986), affg. per curiam T.C. Memo. 1985-63; Estate of Temple v. Commissioner, 67 T.C. 143, 162-163 (1976).

b.    Failure To Use Books or Records

Dr. Cole had access to petitioner's day sheets and bank statements.  The fact that Dr. Cole did not use these records in preparing petitioner's returns is a badge of fraud.  Spill v. Commissioner, T.C. Memo. 1989-213 (fraud is "even more apparent" where taxpayer kept records but disregarded them in preparing tax return).

c.    Large Understatements of Income

Dr. Cole caused petitioner to not report its income accurately for the years in issue.  Petitioner knowingly failed to report a significant amount of income for fiscal years 1987 and 1988.  This is a badge of fraud.  Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), affg. T.C. Memo. 1984-601.

3.    Conclusion--Fraud

Petitioner knowingly understated its income by $339,307 for fiscal year 1987 and $265,140 for fiscal year 1988.  We conclude that petitioner is liable for the additions to tax for fraud for fiscal years 1987 and 1988.

F.    Substantial Understatement

The next issue for decision is whether petitioner is liable for the addition to tax for substantial understatement of income tax under section 6661(a) for fiscal years 1987 and 1988. Section 6661(a) imposes an addition to tax equal to 25 percent of the amount of any underpayment attributable to a substantial understatement of income tax.

If a taxpayer has substantial authority for the tax treatment of any item on the return, the understatement is reduced by the amount attributable to it.  Sec. 6661(b)(2)(B)(i). Similarly, the amount of the understatement is reduced for any item adequately disclosed either on the taxpayer's return or in a statement attached to the return.  Sec. 6661(b)(2)(B)(ii). Petitioner bears the burden of proving that the addition to tax under section 6661 does not apply.  Rule 142(a); Tweeddale v. Commissioner, 92 T.C. 501, 506 (1989).

Petitioner has offered no evidence or argument that it is not liable for the addition to tax under section 6661(a).  We conclude that petitioner is liable for the section 6661(a) addition to tax for fiscal years 1987 and 1988.

Decision will be entered

for respondent.