T.C. Memo. 2002-234

UNITED STATES TAX COURT

MAURICE C. WILSON AND DORRIS E. WILSON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5593-00.                    Filed September 19, 2002.

Maurice C. Wilson and Dorris E. Wilson, pro sese.

Steven M. Webster, for respondent.

MEMORANDUM OPINION

CHIECHI, Judge:  This case is before the Court on respon-
dent's motion for summary judgment (respondent's motion).
Petitioner Maurice C. Wilson (Mr. Wilson) filed a response (Mr.
Wilson's response) to respondent's motion and a supplement (Mr.
Wilson's supplement) to that response.  Respondent filed a reply
(respondent's reply) to Mr. Wilson's response as supplemented,

and Mr. Wilson filed a reply (Mr. Wilson's reply) to respondent's reply.[1]  We shall grant respondent's motion.

Background

All of the facts on which respondent relies in respondent's motion have been deemed established pursuant to the Court's Order under Rule 91(f)[2] dated September 24, 2001, and pursuant to Rule 90(c).

At the time the petition in this case was filed, Mr. Wilson resided in Goldsboro, North Carolina, and Ms. Wilson resided in Myrtle Beach, South Carolina.

During 1993 and 1994, Mr. Wilson operated Pleasantville Medical Services (Pleasantville) as a pharmacy.  Pleasantville was located in Baltimore, Maryland, within the operating location of DK Medical Services, Inc., d/b/a Industrial Medical and Physical Therapy (Industrial Medical).  Deborah Kolodner, Mr. Wilson's daughter, owned and operated Industrial Medical.

---

[1]Petitioner Dorris E. Wilson (Ms. Wilson) did not sign Mr. Wilson's response, Mr. Wilson's supplement to that response, or Mr. Wilson's reply.  There is no indication in the record that Ms. Wilson authorized Mr. Wilson to speak on her behalf in those filings.  We conclude that Ms. Wilson does not dispute that respondent's motion should be granted as to her.  Assuming arguendo that we had not concluded that Ms. Wilson does not dispute that respondent's motion should be granted as to her, on the record before us, we conclude that respondent's motion should be granted as to Ms. Wilson.

[2]All Rule references are to the Tax Court Rules of Practice and Procedure.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue.

Although Mr. Wilson was not a licensed pharmacist in the State of Maryland during 1993 and 1994, he distributed through Pleasantville during those years medication and medical supplies to patients of Industrial Medical.

During 1993 and 1994, petitioners, as contractors for Industrial Medical, received the following amounts of compensation from that business in the form of checks written on its business operating bank account:[3]

Mr. Wilson's Compensation from Industrial Medical

| Year | Amount of Compensation |
|------|------------------------|
| 1993 | $44,000 |
| 1994 | 30,621 |

Ms. Wilson's Compensation from Industrial Medical

| Year | Amount of Compensation |
|------|------------------------|
| 1993 | $7,315 |
| 1994 | 15,030 |

Industrial Medical accounted for the foregoing amounts of compensation paid to Mr. Wilson and to Ms. Wilson as "Contract Service Expenses". In the corporate income tax return that Industrial Medical filed for each of its taxable years 1993 and 1994, Industrial Medical deducted the respective amounts of compensation that it had paid to Mr. Wilson and to Ms. Wilson

---

[3]Industrial Medical also paid compensation to other contractors in the form of checks written on its business operating bank account.

during each of those years.

During 1994, Mr. Wilson received an additional $98,934 from Industrial Medical in the form of checks written on a bank account other than its business operating bank account. Those checks specifically identified the purpose of such checks as loan repayments, and the proceeds of those checks represented loan repayments.

Petitioners jointly filed Form 1040, U.S. Individual Income Tax Return, for 1993 (1993 joint return). In their 1993 joint return, petitioners did not report the $44,000 in compensation and the $7,315 in compensation that Industrial Medical paid during 1993 to Mr. Wilson and Ms. Wilson, respectively.

Petitioners jointly filed Form 1040, U.S. Individual Income Tax Return, for 1994 (1994 joint return). In their 1994 joint return, petitioners did not report the $30,621 in compensation and the $15,030 in compensation that Industrial Medical paid during 1994 to Mr. Wilson and to Ms. Wilson, respectively.

After a trial by jury in the United States District Court for the District of Maryland (U.S. District Court), the jury found Mr. Wilson guilty, inter alia, of income tax evasion under section 7201 for the taxable years 1993 and 1994 for underreporting taxable income of approximately $50,969 and approximately $49,253 and underpaying tax of approximately $9,476

and approximately $8,358 for those respective years.[4] (We shall refer to the proceeding in the U.S. District Court in which the jury found Mr. Wilson guilty of, inter alia, income tax evasion under section 7201 as Mr. Wilson's criminal tax proceeding.) Pursuant to the judgment imposed against Mr. Wilson in Mr. Wilson's criminal tax proceeding, the U.S. District Court ordered Mr. Wilson, inter alia, to pay restitution to the Internal Revenue Service (IRS) in the amount of $17,834.[5] The amount of restitution that the U.S. District Court ordered Mr. Wilson to pay to the IRS was equal to the sum of the tax for each of the taxable years 1993 and 1994 that the jury found Mr. Wilson underpaid for each such year.

On April 11, 2000, respondent issued to petitioners a notice of deficiency (notice) for the taxable years 1993 and 1994. In that notice, respondent determined deficiencies in petitioners' Federal income tax (tax), fraud penalties under section 6663, and accuracy-related penalties under section 6662(a), as follows:

---

[4]Mr. Wilson was also found guilty of aiding and abetting under 18 U.S.C. sec. 2 (2000).

[5]In a separate proceeding in the U.S. District Court, after a trial by jury, the jury found Mr. Wilson guilty of mail fraud under 18 U.S.C. sec. 1341 (2000) and aiding and abetting under 18 U.S.C. sec. 2. Pursuant to the judgment imposed against Mr. Wilson in that criminal proceeding, the U.S. District Court ordered Mr. Wilson, inter alia, to pay restitution to certain insurance companies in the amount of $15,000.

| Year | Petitioners' Deficiency | Fraud Penalty Under Sec. 6663 | Accuracy-Related Penalty Under Sec. 6662(a) |
|------|------------------------|-------------------------------|---------------------------------------------|
| 1993 | $16,209 | [1]$10,613.25 | [2]$411.60 |
| 1994 | 14,192 | [1]7,363.50 | [2]874.80 |

[1]Respondent determined to impose the fraud penalty under sec. 6663 for the taxable years 1993 and 1994 on the portions of the underpayments attributable to the $44,000 and $30,621 of compensation that respondent determined Mr. Wilson received during those respective years.

[2]Respondent determined to impose the accuracy-related penalty under sec. 6662(a) for the taxable years 1993 and 1994 on the portions of the underpayments attributable to the $7,315 and $15,030 of compensation that respondent determined Ms. Wilson received during those respective years.

## Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  The party moving for summary judgment bears the burden of proving that there is no genuine issue of material fact.  The factual materials and the inferences therefrom are to be read in the light most favorable to the party opposing summary judgment.  Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).  However, the party opposing summary judgment cannot rest upon mere allegations or denials set forth in that party's pleadings, but must set forth specific facts showing that there is a genuine issue for trial.  Rule 121(d); Marshall v. Commissioner, 85 T.C. 267, 271 (1985).

In Mr. Wilson's response as supplemented and Mr. Wilson's

reply, Mr. Wilson disputes certain of the facts on which respondent relies in respondent's motion.[6] For example, Mr. Wilson contends that any money that he received from Industrial Medical represented loan repayments.[7] We reject that contention. The matters deemed established and deemed admitted in the instant case establish, inter alia, that during 1993 and 1994 Industrial Medical paid compensation to Mr. Wilson of $44,000 and $30,621, respectively, and to Ms. Wilson of $7,315 and $15,030, respectively, which they failed to include in their respective 1993 and 1994 joint returns. We also reject Mr. Wilson's contention that there are factual disputes with respect to other matters on which respondent relies in respondent's motion. That is because those other matters have been deemed established and deemed admitted in the instant case.[8]

In Mr. Wilson's response as supplemented and Mr. Wilson's reply, Mr. Wilson also alleges certain facts upon which respon-

---

[6]Some of the facts on which respondent relies in respondent's motion and which Mr. Wilson disputes are not material to resolving the issues raised in respondent's motion. For example, in Mr. Wilson's supplement, Mr. Wilson asserts that he never claimed to be a pharmacist and that he did not own or operate Pleasantville.

[7]Respondent does not dispute that, in addition to the unreported compensation of $30,621 that Mr. Wilson received from Industrial Medical during 1994, Mr. Wilson received $98,934 in loan repayments from Industrial Medical during that year.

[8]Moreover, as discussed below, the doctrine of collateral estoppel precludes Mr. Wilson from litigating here matters litigated in Mr. Wilson's criminal tax proceeding.

dent does not rely in respondent's motion.  For example, Mr. Wilson alleges that his "fine & IRS obligation that was ruled by Judge Legg [in the U.S. District Court] is settled and satisfied and paid in full."  Assuming arguendo that Mr. Wilson has in fact paid what he refers to as a "fine"[9] and the restitution ordered by the judgment in Mr. Wilson's criminal tax proceeding, those facts are not material to our resolving the issues raised in respondent's motion.  The payment of a fine, an assessment, or restitution for income tax evasion under section 7201 does not bar imposition of the fraud penalty under section 6663.[10]  Additions to tax, like those imposed for fraud under section 6663, are remedial, and not punitive.  Helvering v. Mitchell, 303 U.S. 391, 401 (1938); Thomas v. Commissioner, 62 F.3d 97, 100 (4th Cir. 1995), affg. T.C. Memo. 1994-128; Ianniello v. Commissioner, 98 T.C. 165, 187 (1992).  Such additions to tax are provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the significant expense of investigation and the loss resulting from a taxpayer's actions or omissions.  Helvering v. Mitchell, supra.

_____

[9]The judgment in Mr. Wilson's criminal tax proceeding did not order Mr. Wilson to pay a fine.  That judgment, inter alia, ordered Mr. Wilson to pay an assessment of $250.

[10]We note that respondent states in respondent's reply that "assuming that the income tax liabilities were paid, the petitioners' [sic] shall receive credit for the payment upon assessment of the tax liabilities."

All of the facts on which respondent relies in respondent's motion have been deemed established and deemed admitted. Those facts include the material facts on which we may proceed to resolve the issues in respondent's motion. We conclude that there are no genuine issues of material fact regarding those issues.

With respect to respondent's determinations of deficiencies and accuracy-related penalties for the taxable years 1993 and 1994, on the record presented, we sustain those determinations.

With respect to the fraud penalties under section 6663 that respondent determined against Mr. Wilson for the taxable years 1993 and 1994, respondent contends in respondent's motion that, under Amos v. Commissioner, 43 T.C. 50, 54-55 (1964), affd. 360 F.2d 358 (4th Cir. 1965), "the prior criminal judgments for tax evasion are conclusive and binding on Mr. Wilson, and he is estopped from denying in this case that * * * [he] willfully filed a false and fraudulent income tax return for the taxable years 1993 and 1994, with the intent to evade tax."

In Montana v. United States, 440 U.S. 147 (1979), the Supreme Court of the United States (Supreme Court) examined and discussed the doctrine of collateral estoppel. The Supreme Court stated in pertinent part:

> Under collateral estoppel, once an issue is actually
> and necessarily determined by a court of competent
> jurisdiction, that determination is conclusive in
> subsequent suits based on a different cause of action

> involving a party to the prior litigation. * * * To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions. [Id. at 153-154; fn. ref. omitted.]

We hold that the doctrine of collateral estoppel bars Mr. Wilson from relitigating in the instant case the matters litigated in Mr. Wilson's criminal tax proceeding, i.e., whether Mr. Wilson underreported his income and underpaid his tax for each of the taxable years 1993 and 1994 and whether his underpayment of such tax for each such year was due to fraud. On the record presented, we sustain respondent's determinations with respect to the respective fraud penalties under section 6663 that respondent determined against Mr. Wilson for the taxable years 1993 and 1994.

We have considered all of Mr. Wilson's arguments and contentions that are not discussed herein, and we find them to be without merit and/or irrelevant.

On the record presented for purposes of respondent's motion, we shall grant that motion.

To reflect the foregoing,

An appropriate Order will be issued and Decision will be entered for respondent.